541 A.2d 377

**Julie Ann BOWSER, Appellant,**

v.

**Charles GUTTENDORF and Lucille Guttendorf, Husband and Wife, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 24, 1988.

Filed May 2, 1988.

404

Ahmed Aziz, Assistant District Attorney, Sewickley, for appellant.

Gail L. Gratton, Assistant Public Defender, for appellees.

Before McEWEN, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

This appeal follows the trial court's order granting Appellee, Lucille Guttendorf's, Motion for Judgment on the Pleadings. The trial court's decision was based upon its ruling that Appellant's action against Mrs. Guttendorf was barred by the applicable statute of limitations.

The underlying action was commenced on May 7, 1986 when Appellant filed a Complaint against Charles and Lucille Guttendorf, husband and wife.[1] The Complaint alleged that from March until June of 1980, Appellant, who was then 16 years old, was placed in the foster home of Mr. and Mrs. Guttendorf. Her claims against Charles Guttendorf included actions for assault, battery and intentional and/or negligent infliction of emotional distress. Appellant alleged that Charles Guttendorf sexually molested her during the period of time in which she was residing in the defendants' home as a foster child. A related claim for negligent

---

1. The action filed against husband, Charles Guttendorf is not a subject of this appeal.

infliction of emotional distress was made against Appellee, Lucille Guttendorf. Appellant alleged that as a result of Mrs. Guttendorf's carelessness, recklessness and negligence, Appellant suffered physical and psychological injuries.

An Answer and New Matter was subsequently filed by Appellee, Lucille Guttendorf. Therein, Mrs. Guttendorf denied the claims against her and raised the statute of limitations as a defense. Appellant's Reply to New Matter averred that "the doctrine of 'equitable tolling' is applicable" in that "Lucille Guttendorf's negligence enabled defendant, Charles Guttendorf to conceal the sexual assault." The Reply also stated that Appellant suffered from both a physical and legal disability. A Motion for Judgment on the Pleadings was later filed by Mrs. Guttendorf and granted by the trial court. In this timely appeal which followed, Appellant lists two issues which she contends would warrant a reversal of the trial court's ruling:

I. Lower court erred in granting the judgment on the pleadings for material facts, as the pleadings indicate, remained in dispute.

II. Lower court erred in failing to consider the equitable principles of delayed discovery, which carves an exception to 42 Pa.C.S.A. § 5524.

In considering the propriety of an order awarding judgment on the pleadings this court must, as must the trial court, confine its review to the pleadings and documents attached thereto. The grant of such a motion will be affirmed when the moving party's right to succeed is certain and the case is so free from doubt that a trial would be a fruitless exercise. In making this determination we must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. *Jones v. Travelers Ins. Co.*, 356 Pa.Super. 213, 514 A.2d 576, 578 (1986).

After conducting a review of the record in light of the above standard we find the trial court correctly granted

Mrs. Guttendorf's Motion for Judgment on the Pleadings. The Complaint filed on May 7, 1986 indicates that the alleged negligence occurred during Appellant's stay in Appellee's home between the months of March and June of 1980. This action for negligent infliction of emotional distress is controlled by the two year statute of limitations found in 42 Pa.C.S.A. § 5524(2). As such Appellant's cause of action expired in June 1982. The trial court correctly ruled that 42 Pa.C.S.A. § 5533(b), which delays the commencing of the statute of limitations because of minority, is inapplicable to this case. 42 Pa.C.S.A. § 5533 was amended to include a tolling period for minors on May 30, 1984, effective in 30 days. This court had occasion to consider the retroactivity of this section in *Maycock v. Gravely Corp.*, 352 Pa.Super. 421, 508 A.2d 330 (1986). Therein this court concluded:

We hold that a minor injured prior to the effective date of 42 Pa.C.S.A. § 5533(b) who attained majority before the effective date, and whose claims are time barred by applicable statutes of limitations prior to the effective date of § 5533(b) cannot rely on this section to revive a barred claim.

*Id.*, 352 Pa.Superior Ct. at 428, at 508 A.2d at 334.

As noted by the trial court, the pleadings in the instant action revealed that Appellant's alleged injury occurred prior to the effective date of § 5533(b) and that Appellant attained majority before the effective date of the statute. Accordingly, the trial court correctly ruled that Appellant cannot rely on § 5533(b) to revive her claim which is barred under § 5524.

■ Likewise, Appellant's contention that the statute of limitations is tolled due to her physical disability or due to Appellee's acts of fraud, deception or concealment are likewise without merit. Although Appellant alleged that she was afflicted with a physical disability which diminished her capacity to communicate the events alleged in the complaint, such an allegation is not sufficient to toll the running of the statute of limitations. *See: Hippensteel v. WCAB*

*(H.M. Kelly Trucking)*, 72 Pa.Cmwlth. 261, 457 A.2d 137 (1983). *Citing, Walters v. Ditzler*, 424 Pa. 445, 227 A.2d 833 (1967).

■ Furthermore, Appellant has not pled sufficient facts so as to warrant application of the doctrine of estoppel based on fraud, deception or concealment. Before the doctrine of estoppel may be invoked to extend the statute of limitations it must be alleged that Appellee through fraud or concealment, caused Appellant to relax her viligance or deviate from her right of inquiry. *Wible v. Apanowicz*, 306 Pa.Super. 262, 452 A.2d 545 (1982). No such allegation appears in Appellant's pleadings. In her Reply to New Matter, Appellant does allege that husband, Charles Guttendorf, "engaged in fraud, deception and/or concealment in making representations to the minor plaintiff that she should not tell anyone of the sexual abuse." With respect to Appellee, Lucille Guttendorf, Appellant averred only that her "negligence enabled defendant, Charles Guttendorf, to conceal the sexual abuse."

■ Appellant submits in her remaining issue that the lower court erred in failing to consider the equitable principle of delayed discovery as an exception to the applicable statute of limitations. The discovery rule is an exception to the general rule that the statute of limitations begins to run as soon as the right to institute and maintain the suit occurs. The Rule arises from the inability of the injured, despite exercise of due diligence, to know of the injury or its cause, and does not arrive upon retrospective view of whether facts were actually ascertained within the prescribed period. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468 (1983). The discovery rule is to apply only if it is determined that a reasonable person in plaintiff's position would have been unaware of the salient facts. *Redenz by Redenz v. Rosenberg*, 360 Pa.Super. 430, 520 A.2d 883 (1987). If the party has means of discovering the injury within its power but neglects to use them, the claim will still be barred. *Burnside v. Abbott Laboratories*, 351 Pa.Super. 264, 505 A.2d 973 (1985).

Appellant in the instant case has not set forth allegations to demonstrate what facts rendered it unreasonable to expect her to discover her injury when it occurred. In her Complaint, Appellant asserts that the injury she suffered included "severe and continuous pain in her genital area in addition to experiencing bleeding in the genital area." Appellant's contention contained in her Reply to New Matter that the culpability of the responsible parties for her injury could not be determined because of her minority does not justify tolling the statutory period of limitations. In *Redenz by Redenz v. Rosenberg, supra.*, this court stated:

It does not matter whether a plaintiff is aware that someone may be legally responsible for his injury. Once he knows or should know the cause of that injury he must investigate the situation and ascertain who might be legally culpable.

*Id.*, 360 Pa.Superior Ct. at 435, 520 A.2d at 886.

Appellant's infancy at the time of the injury does not alter this rule. *Id.*

Accordingly, we find the trial court properly ruled that Appellant's claim against Appellee, Lucille Guttendorf, is barred by the statute of limitations.