**In re CITY OF PHILADELPHIA.**

**Michael Moses WARD, a minor, by his parent and natural guardian, Andino R. WARD, and Andino R. Ward, Individually**

See also 123 F.R.D. 521.

**v.**

**CITY OF PHILADELPHIA, et al.**

**Master File No. 85–2745.**
**Civ. A. 87–2746.**

United States District Court,
E.D. Pennsylvania.

Feb. 1, 1989.

David S. Shrager, Philadelphia, Pa., for plaintiff.

Carl Oxholm, III, Philadelphia, Pa., for defendants.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

On May 11, 1987, plaintiffs brought this suit under 42 U.S.C. § 1983 and Pennsylvania common law against the City of Philadelphia ("City"), five present and former city officials, Mayor Wilson Goode, Leo A. Brooks, Gregore J. Sambor, and William Richmond ("individual defendants"), the Philadelphia County Children and Youth Agency, and the School District of Philadelphia. Plaintiff Michael Moses Ward alleges that the defendants' failure to protect him from the "serious physical neglect" of his living situation at the MOVE residence, prior to the destruction of the MOVE home on May 13, 1985, violated his constitutional right to due process under the Fourteenth Amendment of the United States Constitution as well as his rights under Pennsylvania common law. Plaintiffs' Complaint, ¶ 25, 45. Michael Ward also seeks damages for severe injuries allegedly caused by the defendants' bombing of the MOVE house on May 13, 1985. Plaintiff Andino R. Ward, Michael's father, seeks damages for the personal and medical costs associated with his son's injuries.

This matter is presently before the court on defendants' motion to dismiss all or part of plaintiffs' claims on limitations grounds. The defendants also seek dismissal of plaintiffs' claims on the basis of plaintiffs' alleged noncompliance with Pennsylvania's notice-of-claim provision, 42 Pa. C.S.A. § 5522(a). Finally, defendants seek dismissal of plaintiffs' punitive damages claim against the City.

This motion was submitted to Magistrate William F. Hall, Jr., for the preparation of a Report and Recommendation. On May 13, 1988, Magistrate Hall recommended that the defendants' motion be denied in all respects. Defendants subsequently filed objections to the Report and Recommendation on June 10, 1988.

*Magistrate Hall's Report and Recommendations*

Magistrate Hall concluded as follows: (1) plaintiffs' § 1983 claims are governed by

Pennsylvania's two-year personal injury limitations period; (2) plaintiffs' pendent state claims are governed by Pennsylvania's two-year limitations provision, 42 Pa. C.S.A. § 5524; (3) Pennsylvania's notice-of-claim provision, 42 Pa. C.S.A. § 5522(a), does not apply to plaintiffs' federal claims; (4) defendants had actual or constructive notice of the pendent state claims relating to the events of May 13, 1985, thus satisfying the notice-of-claim provision, 42 Pa. C.S.A. § 5522(a); (5) plaintiffs sufficiently allege, with respect to their state law claims, that defendants had actual or constructive notice of events occurring prior to May 13, 1985 so as to defeat defendants' motion to dismiss pursuant to the notice-of-claim provision; (6) plaintiffs' claims based on tortious conduct occurring more than two years prior to filing are not barred by the two-year limitation period because plaintiffs sufficiently allege continuous wrongful conduct which would toll the running of the limitation period; (7) Michael Ward's claims based on events prior to the effective date of Pennsylvania's minor's tolling statute, 42 Pa. C.S.A. § 5533(b), are not time-barred because the claims did not accrue until after the effective date of that statute; and, (8) resolution of defendants' motion to dismiss plaintiffs' claim for punitive damages against the City under state law should await further development of the record.

### Defendants' Objections

Defendants object to three of Magistrate Hall's recommendations. First, defendants contend that plaintiffs' claims arising more than two years before filing are untimely. Second, defendants argue that plaintiffs' state law claims against the City for actions occurring prior to May 13, 1985 should be dismissed based on plaintiffs' failure to file notice of their suit within six months of the accrual of their claims, in accordance with 42 Pa. C.S.A. § 5522(a). Third, defendants maintain that plaintiffs' state law claims against the individual defendants based on the defendants' failure to intervene on Michael Ward's behalf are barred by the six-month limitations period governing actions against government officials, 42 Pa. C.S.A. § 5522(b). I will discuss these objections in turn.

### I. Plaintiffs' Claims Based on Events Occurring More than Two Years Prior to Suit

Magistrate Hall denied defendants' limitations challenge to these claims based on plaintiffs' allegations of defendants' "continuing wrongful conduct." He found that no single incident on the part of the defendants could be regarded as a cause of significant harm to plaintiffs. In such a circumstance, Magistrate Hall concluded, the limitations period on plaintiffs claims did not begin to run until the last tortious act, which occurred within two years of plaintiffs' filing.

Defendants contend that continued wrongful conduct could not toll the running of the limitations period governing plaintiffs' claims beyond the time that plaintiffs became aware of the facts underlying their claims. Defendants further maintain that Andino Ward "had sufficient knowledge, or should have had knowledge, of the facts surround [his] claim" more than two years before the filing of plaintiffs' complaint, and that Michael Ward should be charged with "similar knowledge" of the facts underlying his claim prior to the effective date of Pennsylvania's minor's tolling statute. Defendants' Objections, at 9–10. In, defendants' view, the limitations period on all of plaintiffs' claims, except those arising out of destruction of the MOVE home, began to run more than two years before plaintiffs filed suit.

The accrual of plaintiffs' § 1983 claims is governed by federal law. *Rose v. Bartle*, 692 F.Supp. 521, 529 (E.D.Pa.1988). A cause of action accrues under federal law "when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the defendant, although the plaintiff need not know that the defendant's conduct is tortious or unlawful." *Sowers v. Bradford Area School District*, 694 F.Supp. 125, 136 (W.D.Pa.1988) (citing *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)); *see also Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir.1982).

■ This "discovery rule" applies to circumstances in which a plaintiff is a victim of continuous wrongful conduct. *Kichline v. Consolidated Rail Corporation,* 800 F.2d 356, 360 (3d Cir.1986) ("continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information"). Thus, once an employee has or should have discovered his injury and its cause, the limitations period begins to run notwithstanding the fact that the employer may continue to cause the employee injury through its wrongful conduct. *Id.*

■ As *Kichline* makes clear, however, it is difficult to determine the moment at which a plaintiff should be deemed to have "discovered" his cause of action when, during the course of the defendant's continuing wrongful conduct, there is "[n]o single incident [that] could be isolated as the cause of the plaintiff's injury." *Id.* at 359.[1]

It is impossible, given the present factual development of the case, to determine with any precision the date on which plaintiffs should have discovered the alleged cause of their injuries—defendants' continued failure to respond to Michael Ward's potentially hazardous situation. Equally difficult is a determination of when plaintiffs should have discovered the injuries themselves. Such injuries—"nutritional, cultural, social, environmental and educational deprivations" (Plaintiff's Complaint, ¶ 27)—often become apparent only after an extended period of neglect. In view of these considerations, it seems clear that the moment at which plaintiffs learned or should have learned of their injuries, or of the defendants' causal connection to their injuries, cannot be divined on the basis of the present record.

In the face of this uncertainty regarding the time at which defendants caused, or plaintiffs suffered, the injuries that form the basis of plaintiffs' cause of action, it seems prudent to deny defendants' motion

to dismiss. The determination of when defendants' nonfeasance and plaintiffs' injuries became sufficiently apparent to alert plaintiffs to their cause of action depends on factual findings. As such, the issue's resolution should await further development of the record. *See, e.g., Sowers v. Bradford Area School District,* 694 F.Supp. 125, 139 (W.D.Pa.1988) (denying defendants' motion to dismiss on limitations ground where parties disputed the time that plaintiff's cause of action accrued under the discovery rule, and holding that "factual development will be necessary to make a determination as to whether the defendants alleged conduct was a proximate cause of the plaintiff's injury, and if the plaintiff knew or should have known of the alleged causal connection between the defendants' conduct and [plaintiff's injury]").

Accordingly, I will deny defendants' motion to dismiss plaintiffs' federal claims that are based on conduct that occurred more than two years prior to the filing of the complaint. This holding is without prejudice to defendants' right to challenge the timeliness of plaintiffs' claims at a later stage in this litigation.

■ Defendants' motion to dismiss plaintiffs' state claims that are based on conduct that occurred more than two years prior to the filing of the complaint warrants the same disposition. Pennsylvania has also adopted the "discovery rule" for determining the date on which a cause of action accrues. *See, e.g., O'Brien v. Eli Lilly Co.,* 668 F.2d 704 (3d Cir.1981); *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 135–36, 471 A.2d 493, 500 (1984). Moreover, under Pennsylvania law, the determination of "what is a reasonable period of time for a plaintiff to discover his injury and its cause ... is for the jury." *Burnside v. Abbott Laboratories,* 351 Pa. Super. 264, 292, 505 A.2d 973, 988 (1985).

1. In one such circumstance, this Circuit held, prior to the firm adoption of the discovery rule by the Supreme Court, that the cause of action accrued at the time that the continuing wrongful conduct terminated. *See Fowkes v. Pennsylvania Railroad Company,* 264 F.2d 397, 399 (3d Cir.1959) (marking accrual in a FELA action at the cessation of the continuing wrongful conduct because there was "no one incident [which could] realistically be identified as the cause of significant harm").

As the court stated in *Burnside*, "[o]nly where the facts are undisputed and lead unerringly to the conclusion that the length of time it took the plaintiff to discover the injury or its cause was unreasonable may the question be decided as a matter of law." *Id.* Accordingly, defendants' motion to dismiss plaintiffs' state claims that are based on conduct that occurred more than two years prior to the filing of the complaint will be denied.

*II. Defendants' Motion to Dismiss State Law Claims Against the City Based on Plaintiffs' Failure to Comply with Pennsylvania's Notice-of-Claim Provision*

■ Under Pennsylvania law, a person who intends to file a personal injury damages suit against a government unit within the Commonwealth must file notice of the claim within six months of the date of injury or the accrual of the cause of action. 42 Pa. C.S.A. § 5522(a)(1). Failure to comply with this requirement will not bar suit "if the government unit had actual or constructive notice of the incident or condition giving rise to the claim." 42 Pa. C.S.A. § 5522(a)(3)(iii).

Defendants maintain that the plaintiffs' failure to comply with the notice-of-claim provision mandates dismissal of plaintiffs' state law claims against the City for conduct occurring prior to May 13, 1985.[2] Magistrate Hall denied the defendants' motion to dismiss such claims against the City because plaintiffs' "complaint specifically alleges that ... the City ... had knowledge of the adverse conditions existing in the MOVE residence and should have been aware of the detrimental consequences to children living in such an environment." Magistrate Hall's Report, at 12–13 (citing Complaint at ¶ 18). In their objections to the Report, the defendants contend that, despite these allegations, plaintiffs' claim should be dismissed because plaintiffs have

"introduced no evidence" indicating that the City had constructive notice of facts surrounding their claim. Defendants' Objections, at 17.

Defendants' argument is unpersuasive. On a motion to dismiss, the complaint is to be afforded all reasonable inferences. *See, e.g., Labov v. Lalley*, 809 F.2d 220 (3d Cir.1987). It is well settled that a plaintiff need not introduce evidence to defeat a motion to dismiss on the pleadings. Accordingly, defendants' motion to dismiss based on plaintiffs' failure to comply with § 5522 of the Pennsylvania Code will be denied. This denial is without prejudice to defendants' right to renew their challenge on a motion for summary judgment if further development of the record so warrants.

*III. Defendants' Motion to Dismiss Plaintiffs' State Law Claims against the Individual City Defendants*

■ Defendants argue that plaintiffs' state law claims based on the individual city defendants' failure to intervene on Michael Ward's behalf are subject to the six-month limitations period governing actions against governmental officials. 42 Pa. C.S.A. § 5522(b).[3] Magistrate Hall determined, to the contrary, that all of plaintiffs' pendent claims are subject to the two-year limitation period set forth in 42 Pa. C.S.A. § 5524; because the six-month limitation in § 5522(b) is a residual limitations period, Magistrate Hall concluded that § 5522(b)'s six-month limitation period does not apply. Magistrate Hall's Report, at 7–8.

I agree with Magistrate Hall that plaintiffs' pendent state claims based on defendants' conduct prior to May 13, 1985 are subject to the two-year limitations period governing actions "to recover damages for injuries to the person ... caused by the wrongful act or neglect ... or negligence of another." 42 Pa. C.S.A. § 5524(2).

---

**2.** The City concedes that it had constructive notice of the events of May 13, 1985. Magistrate Hall's Report, at 11.

**3.** Section 5522(b) provides in part:
  **Commencement of action required.**—The following actions and proceedings must be commenced within six months: (1) An action against any officer of any government unit for anything done in the execution of his office, except an action subject to another limitation specified in this subchapter.

Plaintiffs allege that their injuries resulted from defendants' breach of their duty to protect Michael Ward. A personal injury action based on tortious nonfeasance falls squarely within Pennsylvania's two-year limitations period. *See, e.g., Bowser v. Guttendorf,* 373 Pa.Super. 402, 541 A.2d 377 (1988) (applying § 5524's two-year limitation period to a suit brought by a minor based on her foster mother's failure to prevent her foster father from sexually molesting her).

Defendants' contention that "this is not a typical personal injury claim" because it involves city officials, rather than private parties, is unavailing. Defendants' Objections, at 17. The fact that the alleged duty of care in this case arose by virtue of the individual defendants' status as government officials does not alter the fact that a suit of this general character is governed by the limitations period of § 5524(2). The central question is not, as the defendants suggest, whether a cause of action is in some important sense related to the defendant's status as a public official. Rather, the decision to apply the residual limitations period depends on whether another limitations period in the subchapter is applicable to the suit, notwithstanding the official status of the defendant. *Cf. Clyde v. Thornburgh,* 533 F.Supp. 279, 288 (E.D.Pa. 1982) (stating that "§ 5522(b)(1) represents the legislature's considered judgment that actions against public officials which are so uncommon that they do not fall within the other specific limitations periods, should be brought within six months"). Because this suit constitutes "an action to recover damages for injuries ... caused by ... neglect" within the meaning of § 5524(2), section 5522(b)'s residual six-month limitation period is not applicable. *See Salaneck v. State Trooper Eric Olena,* 558 F.Supp. 370 (E.D.Pa.1983) (holding that § 5522(b) is a

residual limitations period not to be applied to cases which are subject to other limitations periods). Accordingly, defendants' motion to dismiss plaintiffs' state law claims against the individual defendants will be denied.

Defendants have not objected to Magistrate Hall's recommended disposition of the other issues raised in defendants' motion.[4] I am satisfied that Magistrate Hall's recommendations as to these issues should be adopted.[5] Plaintiffs' § 1983 claims are not governed by § 5522(b)'s six-month residual limitations period. *Knoll v. Springfield Township School District,* 763 F.2d 584 (3d Cir.1985) (Pennsylvania's two-year limitations period governs § 1983 claims). Nor does plaintiffs' failure to comply with Pennsylvania's notice-of-claim provision bar plaintiffs' federal claims. *See Brown v. United States,* 742 F.2d 1498 (D.C.Cir.1984) (holding that state notice-of-claim provision is not applicable to federal cause of action unless "deficiency" exists in federal adjudicatory scheme), *cert. denied sub nom.,* 471 U.S. 1073, 105 S.Ct. 2153, 85 L.Ed.2d 509 (1985). Accordingly, defendants' motion to dismiss on the ground that plaintiffs' federal claims are untimely, or that they are barred as a result of plaintiffs' noncompliance with Pennsylvania's notice-of-claim provision, will be denied.

These rulings are reflected in an accompanying Order.

### ORDER

After consideration of the Report and Recommendation of William F. Hall, Jr., United States Magistrate, filed on May 13, 1988, and defendants' objections thereto, I hereby adopt Magistrate Hall's recommendations as followed:

---

**4.** Although defendants contend that punitive damages are not recoverable in this action, they do not object to addressing this issue at a later date, with the benefit of a more developed record. Accordingly, the motion to dismiss punitive damages will be denied without prejudice.

**5.** It does not seem necessary to decide at this time whether Michael Ward's claims are preserved by Pennsylvania's minor's tolling statute

in the event that his claims are found to have accrued more than two years before plaintiffs filed their complaint. In fact, the disposition of this issue might depend on the accrual date of Ward's claims. *See* 42 Pa. C.S.A. § 5533(b); Magistrate Hall's Report, at 18–19. Accordingly, I neither adopt nor reject Magistrate Hall's recommendation regarding this issue.

1. Defendants' motion to dismiss plaintiffs' federal and state claims on limitations grounds is hereby DENIED; this holding is without prejudice to defendants' right to challenge the timeliness of plaintiffs' claims if further development of the record so warrants;

2. Defendants' motion to dismiss plaintiffs' federal claims based on plaintiffs' noncompliance with Pennsylvania's notice-of-claim provision, 42 Pa.C.S.A. § 5522(a) is hereby DENIED;

3. Defendants' motion to dismiss plaintiffs' state claims based on plaintiffs' noncompliance with Pennsylvania's notice-of-claim provision is hereby DENIED; this holding is without prejudice to defendants' right to renew their challenge under § 5522(a) if further development of the record so warrants;

4. Defendants' motion to dismiss plaintiffs' state law claims against the individual defendants as untimely is hereby DENIED;

5. Defendants' motion to dismiss plaintiffs' punitive damages claims is hereby DENIED without prejudice.