## Moore v. Gaido

*Joseph P. Moschetta,* for plaintiffs.

*William R. Haushalter,* for defendant John D. Pavlosky.

*Ingrid M. Lundberg,* for defendants Crown American Corporation and Crown Construction Company.

TERPUTAC, *J.,* January 14, 1991—Before the court are several motions for summary judgment. Sarah Loar, the operator of the vehicle in which the wife-plaintiff had been riding as a passenger, has asked that summary judgment be granted in her favor against plaintiffs, Margaret C. Moore and Fred H. Moore Jr., her husband. One of the other defendants, John D. Pavlosky, individually and t/d/b/a

Traffic Systems and Services, filed a motion asking for summary judgment in his favor. Finally, the motion for summary judgment by two other defendants, Crown American Corporation and Crown Construction Company, is predicated on the proposition that if the court grants Traffic System and Services' motion, then Crowns' motion should be granted for the sake of consistency.

In considering a motion for summary judgment, the court must examine the whole record, including the pleadings, any depositions, admissions of record, and affidavits filed by the parties. From this examination the court must determine whether a genuine issue of material fact exists. On this critical question, the party who has brought the motion has the burden of proving that no genuine issue of material fact exists. *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989). Summary judgment should be entered only in those cases which are clear and free from doubt. The court must accept as true all well-pled facts in the non-moving party's pleadings, and give the non-moving party the benefit of all reasonable inferences to be drawn therefrom. *Daughen v. Fox,* 373 Pa. Super. 405, 539 A.2d 858 (1988).

On Sunday, January 4, 1987, the wife-plaintiff, Margaret C. Moore, a passenger in the vehicle of her co-worker, Sarah Loar, was returning from work. Mrs. Loar drove the vehicle to Mrs. Moore's home on Franklin Farm Road, North Franklin Township, Washington County. As Mrs. Moore entered her home, she told her husband that Mrs. Loar's vehicle had a flat tire. The record does not show that Mrs. Loar asked for help either from Mr. Moore or Mrs. Moore. As Mrs. Moore had alighted from the vehicle, Mrs. Loar said she would seek help for the tire at another place. Despite this assertion by Mrs.

Loar, plaintiffs drove their own vehicle to the Loar vehicle, which was parked farther down the road, in order to render assistance. When plaintiffs arrived, Mrs. Loar was not in her vehicle. In fact, Mrs. Loar had gone to the home of her friend, Elaine Guidos, to seek help.

Mrs. Moore cannot recall the facts surrounding the accident itself. As it happened, Edward Guidos, Sarah Loar, and Mr. Moore walked to the Loar vehicle to repair the tire. Mrs. Moore had not left with the others; she stayed awhile at the Guidos residence. When Mrs. Moore left the Guidos residence, she was alone. As she walked across Franklin Farm Road toward the direction of the Loar vehicle, a vehicle being operated by Geraldine L. Gaido, another defendant, struck Mrs. Moore causing injuries for which the instant suit has been brought. At the time of the accident, Edward Guidos, Sarah Loar, and Mr. Moore were looking into the rear trunk of the Loar vehicle to make preparations to repair the tire. The area in which the accident occurred is marked as a no-pedestrian crossing zone. The parties at the Loar vehicle were unaware that Mrs. Moore was crossing the highway.

## I

Plaintiffs say Mrs. Loar was negligent by failing to drive her disabled vehicle to a reasonably safe place, under circumstances in which defendant knew or should have known that the wife-plaintiff would eventually come to her rescue. What happened to initiate the chain of events, say plaintiffs, was that Mrs. Loar should not have refused plaintiff's offer to park the vehicle in the plaintiff's driveway; instead, plaintiffs allege Mrs. Loar negligently chose to drive her vehicle along the highway and park it

near the exit ramp of the Franklin Mall, thereby creating a dangerous condition.

We hold that the defendant Loar owed no duty to wife-plaintiff and that the rescue doctrine is inapplicable. Even assuming some sort of duty might be owing, the plaintiffs have not shown any genuine issue of material fact bearing on legal causation. The acts of defendant Loar were reasonable. In response to the allegation that the defendant should have parked her vehicle in the mall parking lot, plaintiff still would have had to cross the highway to reach the lot. And Mrs. Loar had done nothing to obstruct plaintiff's view; Mrs. Loar never asked plaintiff for assistance. We agree with defendant that *Askew v. Zeller,* 361 Pa. Super. 35, 521 A.2d 459 (1987), is controlling. There a motorcyclist and his wife had brought a civil action alleging negligence against the operator of an automobile who had made a left-hand turn in front of the motorcyclist causing a collision. Another cause of action was brought against a second driver who had given a hand signal to the first driver indicating that the left-hand turn could be made safely. In addressing the issue of the hand signal, the Superior Court held that even if the giving of the hand signal had been negligent, her act was not the legal cause of the chain of events causing the accident.

Plaintiffs have cited no Pennsylvania case on point. As to the rescue doctrine, we note several factors militating against the doctrine. First, Loar committed no act or omission which can be deemed negligent. Second, she created no peril which was imminently dangerous to plaintiff. In fact, Loar left plaintiff off at the plaintiff's house, and plaintiff safely went into her own home without mishap. It was she—plaintiff—who voluntarily chose to leave

her place of safety and cross the highway. No one asked plaintiff for any assistance.

The motion for summary judgment will be granted in favor of defendant Sarah Loar.

## II

On the motions for summary judgment by Crown American Corporation and Crown Construction Company on one part and John D. Pavlosky, individually and t/d/b/a Traffic Systems and Services, on the other part, we hold that genuine issues of material fact preclude the entry of summary judgment.

Although the evening was dark, street lights illuminated the intersection where the accident occurred. Signs stating "No Pedestrian Crossing" were erected. By a contract entered into by defendant Pavlosky with Crown American Corporation in 1985, Pavlosky had agreed to perform certain services with respect to furnishing traffic signals and signs at the T intersection leading from Franklin Farms Road to the mall.

Pavlosky contends that he had complied with the plans, specifications, and regulations in a proper manner; and he has also alleged that the plans and specifications had been prepared and approved by others, so that he cannot be liable to plaintiffs for any breach of duty. Among his other contentions, Pavlosky says he erected the signs and furnished the traffic controls in accordance with PennDOT regulations and plans. To buttress his argument, he asserts that in any event no one was injured going into or out of the mall; in effect the accident did not happen in connection with any pedestrian-sensitive walkway. Finally, he has asserted the government contractor defense. Because PennDOT had de-

signed and approved the plans and specifications, Pavlosky carried them out and he cannot be liable.

In response plaintiffs make several contentions which have merit. In the report of plaintiffs' expert, it is stated that confusion surrounds the area, and the confusion is caused by the erection of the no-pedestrian signs which have failed to accommodate the pedestrian traffic which had existed for many years. The attempts to eliminate the pre-existing usage are insufficient and inadequate. Whether the location and number of the signs is sufficient are issues to be determined, depending in large part upon the testimony presented at trial.

As to the government contractor defense, it may be available where the contractor can show that the government's approval was nothing more than a rubber stamp. *Beaver Valley Power Company v. National Engineering & Contracting Co.*, 883 F.2d 1210 (3d Cir. 1989).

Because the case is not clear and free from doubt and genuine issues of material fact have been raised, the motions for summary judgment by these defendants are denied.

## ORDER

And now, January 14, 1991, it is ordered, adjudged, and decreed as follows:

(1) The motion for summary judgment by defendant, Sarah Loar, is granted. Upon praecipe, the prothonotary shall enter judgment in favor of Sarah Loar in accordance with this opinion.

(2) The motions for summary judgment by the other defendants, Crown American Corporation, Crown Construction Company, and John D. Pavlosky, individually and t/d/b/a Traffic Systems and Services, are denied.