**Joan Wenning HEWCZUK**

v.

**Raymond SAMBOR, and Francis Sambor, h/w.**

**Civ. A. No. 91–6562.**

United States District Court,
E.D. Pennsylvania.

Sept. 29, 1992.

Nancy D. Wasser, Philadelphia, Pa., for plaintiff.

Wilbur H. Seitzinger, Jr., Seitzinger Babib & Allen, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

FULLAM, Senior District Judge.

█ Plaintiff brought this action to recover damages which, she alleges, were caused when the defendants sexually molested her during her early childhood, when she was in their foster care. The defendants have filed a motion for summary judgment, seeking dismissal on the ground that the claims are time-barred by the applicable (Pennsylvania) two-year statute of limitations. 42 Pa.C.S.A. § 5524. The plaintiff asserts that the statute was tolled, and did not begin to run until December 1990 or January 1991 when a miscarriage, and psychotherapy associated with problems she was experiencing at that time, brought her repressed memories of the earlier incidents to her consciousness for the first time. Thus, in ruling on the pending motion, I am required to predict whether the Pennsylvania Supreme Court would decide that the "discovery rule" applies to the facts of this case.

In a somewhat similar situation, my colleague Judge Van Artsdalen undertook a comprehensive review of the state and federal cases on this subject and, in a thorough and scholarly opinion, concluded that the Pennsylvania courts would not permit equitable tolling of the limitations period in childhood sexual-abuse cases. *Baily v. Lewis*, 763 F.Supp. 802 (E.D.Pa.1991).

As set forth in Judge Van Artsdalen's opinion, courts have dealt with two different types of fact-situations in this area: (1) where the plaintiff was aware of the tortious act at the time it occurred, but did not learn, until attaining adulthood, that the physical and psychological problems then being experienced had been caused by the earlier trauma; and (2) cases in which plaintiff's memory of the trauma was entirely repressed, and plaintiff had no conscious awareness of it until much later in life. Judge Van Artsdalen's survey revealed that a substantial majority of state courts have declined to apply the discovery rule to cases in the first category (Indiana, Montana and California; *contra*, North Dakota and Wisconsin). In the second type of case, a somewhat larger number of states would permit equitable tolling under the discovery rule (California, Michigan, Illinois, Washington (by statute); *contra*, Nevada and, perhaps, Florida).

Courts which apply the discovery rule reason that, even though a plaintiff's physical or mental disability does not ordinarily toll the statute, where the inability to discover the trauma is due to the nature of the original injury itself, the statute is tolled; in such circumstances, it is the tortfeasor who caused both the original harm and the inability to discover.

I find this reasoning entirely persuasive, and I believe the Pennsylvania Supreme Court would apply the discovery rule in the circumstances of this case.

I hasten to assert that this view can readily be reconciled with the result reached by Judge Van Artsdalen in *Baily v. Lewis*. In all such cases, the running of the statute is not tolled unless it is made to appear that plaintiff's lack of knowledge was objectively reasonable—*i.e.*, that a reasonably diligent person, similarly situated, would not have discovered the injury. In *Baily*, the alleged sexual abuse consisted of a series of homosexual acts spanning a five-year period; plaintiff was 12 years old when the misconduct began, and 17 when it ended. The alleged tortfeasor was a family friend, and not someone having custody or control of the plaintiff. To suggest that this course of conduct, if it occurred, was totally concealed from plaintiff's consciousness is to suggest the inconceivable. At the very least, plaintiff's alleged lack of awareness cannot be described as objectively reasonable.

In our case, by way of contrast, the abuse is alleged to have occurred over a period of five months, when plaintiff was only six or seven years of age; and the abuse is alleged to have been perpetrated by her foster parents, in whose custody and total control she had been placed. It is not at all unreasonable to suppose that a child of such tender years, with her limited experience in life, would not understand that her "parents" were mistreating her; nor is it unreasonable to suppose that these horrors would be totally repressed and excluded from her consciousness.

In short, the present case is one in which the applicability of the discovery rule should be left to a jury, under proper instructions. I decline to rule that, as a matter of law, plaintiff's claims are barred by the statute of limitations.

I recognize that a principal purpose of the statute of limitations is to preclude litigation of ancient wrongs, where the litigants on both sides are likely to be prejudiced in their presentation of evidence because of the passage of time. There is, admittedly, an element of unfairness in requiring alleged tortfeasors to defend themselves against stale claims. But if, as plaintiffs, with facial plausibility, assert in this case, the tortfeasors are responsible, not only for the original trauma, but also for plaintiff's inability to assert her claims sooner, the alleged tortfeasors should not be heard to complain of the prejudicial delay. And the passage of time has certainly not enhanced plaintiff's ability to prove her case. Thus, the prejudice seems equally balanced.

I recognize, also, that in *Bowser v. Guttendorf*, 373 Pa.Super. 402, 541 A.2d 377 (1988), the court refused to apply the discovery rule with respect to a claim that the wife-defendant was negligent in failing to prevent her husband from molesting the plaintiff, who was in their foster-care. But plaintiff in that case was not claiming that she was unaware of the injury or the negligence, merely that a physical disability prevented her from communicating concerning the alleged events. The Superior Court panel refused to toll the limitations statute because plaintiff had "not set forth allegations to demonstrate what facts rendered it unreasonable to expect her to discover her injury when it occurred", 541 A.2d at 380. In our case, as discussed above, plaintiff may well be able to show such facts, and the issue is for the jury.

To rule that a child of tender years who is sexually abused, but promptly "forgets" the trauma and is not conscious of the wrong until the curtain of repression is lifted later in life, is barred as a matter of law from claiming damages because of the two-year statute of limitations, would be to declare that, in virtually all cases involving sexual abuse of young children committed in secret and not discovered by others at the time, the wrongdoer would be immunized from both criminal and civil consequences. I am not persuaded that the Pennsylvania Supreme Court would sanction that outcome.

■ Defendants also argue that, even if the discovery rule is applicable, plaintiff's own deposition reveals that, more than two years before filing suit, she had information which should have alerted her to the facts of the alleged tort, and which should have prompted her either to file suit, or at least to make further inquiries. But the

**1066**

deposition testimony is also susceptible to an interpretation under which dismissing this lawsuit would be improper. These issues, too, are for the jury.

Defendants' motion for summary judgment will therefore be denied.