**Dever-Gorka v. Hosler**

*Nancy Larkin Taylor,* for plaintiff.
*Lester A. Krasno,* for defendant.

DOMALAKES, *J.,* August 5, 1994—There is before the court, defendant, Benjamin Hosler's motion for judgment on the pleadings pursuant to Pa.R.C.P. 1034. Hosler filed his motion on May 2, 1994 along with a memorandum in support of his motion. Plaintiff, Theresa Dever-Gorka, responded to said motion on May 20, 1994 and also filed a brief contra Hosler's position.

Both parties agree that the pleadings are closed. Thus, this matter is ready for disposition.

Pa.R.C.P. 1034 permits any party to request a judgment on the pleadings "[a]fter the pleadings are closed, but within such time as not to delay the trial...." Rule 1034(a).

In a motion for a judgment on the pleadings, the pleadings are tested to determine whether the allegations pled demonstrate that a cause of action exists at law. *Bensalem Township School District v. Commonwealth,* 518 Pa. 581, 544 A.2d 1318 (1988). If a defendant moves for judgment on the pleadings under Rule 1034, the court will consider all of the pleadings in arriving at its decision. These will consist of the complaint, the answer containing new matter, and the reply to the new matter. *Herman v. Stern,* 419 Pa. 272, 213 A.2d 594 (1965).

The parties agree that the pleadings are closed. After a review of all the pleadings, this court concludes that the affirmative defense pled in defendant's new matter has not been overcome by plaintiff.

## FACTS

On June 22, 1992, Ms. Dever-Gorka filed a complaint containing counts for assault and battery, psychological assault and intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress. Ms. Dever-Gorka was born on December 24, 1956 and was 35 years of age at the time of the filing of her complaint. Her complaint concerns allegations of tortious conduct consisting of physical and sexual abuse by Hosler which allegedly occurred over a period of time when she was between 11 and 16 years of age. During that time period Hosler was the paramour of plaintiff's natural mother, Ann Dever. Ann Dever died in 1979. Only after immersing herself in psychotherapy in 1990, which continues to the present time, was plaintiff able to remember the alleged abuse.

In her response to defendant's motion for judgment on the pleadings, plaintiff provided the court with an assessment of her current psychological status, authored by her training therapist, Dr. Kenneth G. Small.

Dr. Small reported that "[d]uring the provision of an out-patient treatment program for her post-traumatic stress disorder symptoms, the patient began to experience memories related to childhood abuse. The initial memories were vague in detail, but the emotions gradually became more intense." (Report dated March 21, 1992 to Attorney Taylor from Dr. Small; attached as

exhibit A to Gorka's response to motion for judgment on the pleadings.)

Dr. Small further reported: "On January 2, 1990, [Ms. Dever-Gorka] had her first specific memory of severe sexual abuse by a man who lived in her house with her mother, [Ben Hosler]." *Id.*

Defendant answered Ms. Dever-Gorka's complaint on September 24, 1993 and included new matter, averring that the applicable statute of limitations had expired prior to the institution of this action. Ms. Dever-Gorka answered Hosler's new matter on October 18, 1993 denying that the statute of limitations had expired. The issue before the court is whether the usual statute of limitations defense applies to cases involving allegations of physical and sexual abuse resulting in "repressed memory" of that abuse. This issue has not been decided by Pennsylvania Appellate Courts. As such, it appears to be a case of first impression in Pennsylvania.

## DISCUSSION

The statute of limitations applicable to the tortious conduct alleged in plaintiff's complaint is set forth in 42 Pa.C.S. §5524.[1]

Section 5524 provides:

---

1. To date, a number of states (Alaska, Colorado, Connecticut, Florida, Idaho, Maine, New Hampshire, Oregon, Virginia, Washington, Minnesota, Illinois, Nevada, Montana, Vermont, Rhode Island, Iowa, South Dakota, Missouri and California) have enacted statutes specifically addressing the issue of tolling the statute of limitations in child sexual abuse cases. Pennsylvania has not done so.

"The following actions and proceedings must be commenced within two years:

"(1) An action for assault, battery . . .

"(2) An action to recover damages for injuries to the person . . .

"(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct . . .!'"

In the present case, plaintiff's complaint contains the following four counts:

"Count I—Assault and battery

"Count II—Psychological assault and intentional infliction of emotional distress

"Count III—Negligence

"Count IV—Negligent infliction of emotional distress"

Thus, the applicable statute of limitations as to all counts of the complaint is two years. Because Ms. Dever-Gorka's complaint concerns alleged conduct which occurred when she was 11 through 16 years old, which would have been from 1967 to 1972, the statute of limitations would normally have expired in 1974.

This expiration date remains applicable to the instant case even though 42 Pa.C.S. §5533 was amended to allow tolling of the statute in a case involving a minor plaintiff until the minor attains the age of 18 years. This particular amendment was not effective until 1984 and was not made retroactive. Thus, plaintiff is not eligible for the benefits of the amendment. The last conduct complained of was in 1972, and plaintiff

attained the age of majority prior to the 1984 effective date of the amended statute.[2]

However, Ms. Dever-Gorka argues that her case is not governed by this long-standing, traditional time bar. She claims that the two year period in which to institute her action began to run on the date she recalled her repressed memories and discovered the connection between the abuse and its ramifications. Thus, she argues that the "discovery" date exception to the statute of limitations defense should be applied to "repressed memory" cases.

Assuming arguendo, that we found that the "date of discovery" equitable exception to the two year statute applied to Ms. Dever-Gorka, her cause of action would still have expired.

In his March 21, 1992 report, Dr. Small found that her *first specific memory* of severe sexual abuse by Ben Hosler occurred on January 2, 1990. Ms. Dever-Gorka filed a writ of summons with the prothonotary's office in Schuylkill County, Pennsylvania on January 7, 1992. Thus, her suit was filed five days too late, even under that standard.

Moreover, under Pennsylvania law insanity and lessor forms of mental incapacity do not toll the statute of limitations. (See 42 Pa.C.S. §5533(a).) Although, Ms. Dever-Gorka does not plead insanity as a defense to

2. Even if the extended statute of limitations period was applied to plaintiff's case it would not render her action timely. Plaintiff was born in 1956. She reached majority age in 1974. Even if the applicable two year statute of limitations began to run only when she reached the age of majority in 1974, the statute of limitations would have expired in 1976. The instant action was commenced in 1992.

the statute of limitations, we consider her "repressed memory" or "unconsciousness" of the defendant's alleged wrongful conduct to be a form of mental incapacity to which condition 42 Pa.C.S. §5533(a) is applicable. To hold otherwise, would be to ignore traditional Pennsylvania law relative to the effect of mental incapacity on the statute of limitations.

Plaintiff relies almost exclusively on the opinion of Senior Judge John Fullam of the United States District Court of the Eastern District of Pennsylvania in *Hewczuk v. Sambor,* 803 F. Supp. 1063 (E.D. Pa. 1992) for support of her proposition relative to her statute of limitations argument. In that case, Senior Judge Fullam, while recognizing that Pennsylvania courts have not spoken on this issue, directed that the issue involved in the "discovery rule" exception to the statute of limitations be submitted to the jury. Plaintiff urges us to adopt that procedure in the instant case.

First and foremost, we strongly disagree that the applicability of the statute of limitations defense should be left to a jury. This result allows a party to present her case to a jury on a matter of law. Plaintiff wants a jury to decide whether she applied due diligence in investigating the cause of her injury. Adopting such a procedure would be to concede the legal issue, that is, whether due diligence matters. If the usual statute of limitations is applied to plaintiff's case, her suit is barred without regard to her "due diligence." The barring effect of the statute of limitations, being a question of law, is properly decided in the context of a motion for judgment on the pleadings unless the court decides to create an exception to the statute of limitations in "repressed memory" cases.

The difficulty with plaintiff's theory is that it violates the principal purpose of the statute of limitations also noted by Judge Fullam in the same opinion when he stated: "I recognize that a principal purpose of the statute of limitations is to preclude litigation of ancient wrongs, where the litigants on both sides are likely to be prejudiced in their presentation of evidence because of the passage of time. There is, admittedly, an element of unfairness in requiring alleged tortfeasors to defend themselves against stale claims." *Id.* at 1065.

Here, ancient wrongs and stale claims are precisely the phrases to be applied to Ms. Dever-Gorka's four counts set forth in her complaint. The idea propounded in Judge Fullam's opinion to the effect that the passage of time diminishes both parties' ability to prove their case, thereby balancing the prejudice is unsound. Where the passage of time has so dimmed memories and diminished opportunities to develop reliable evidence, the fact that both parties may be prejudiced thereby does not change the fact that the entire legal proceeding will thus be reduced to being an exercise in pure speculation. The law must not encourage such "crapshoots." Also, in our case, there would *not* be an equal balance of prejudice. Ann Dever, Ms. Dever-Gorka's mother, and Mr. Hosler's paramour is deceased. She is the one, other than the defendant himself, who would have been in the best position to know whether defendant had sexually abused plaintiff. If we assume for the moment that plaintiff's allegations are true, Ms. Dever might have been helpful to plaintiff's case assuming, of course, that she was aware of the abuse *and* would have been cooperative with plaintiff's attempt to seek redress through the legal system. If we assume, on the other

hand, that plaintiff's "revived" memories are false, then defendant has been deprived of the single, most powerful witness who could have exonerated him. Under these circumstances, we feel that Judge Fullam's theory of "equal prejudice" does not apply to our case.

Notwithstanding our conclusion that plaintiff's claims are barred by both the long-standing statute of limitations and its "discovery rule" exception, we will, nevertheless, discuss the application of the "discovery rule" exception to the statute of limitations in repressed memory cases since it may be argued that plaintiff's memory was not fully revived at the time identified in Dr. Small's report.

Pennsylvania state courts have not dealt directly with the issue of the applicability of the "discovery rule" in sexual assault and battery cases involving "repressed" memories. In *Tyson v. Tyson,* 107 Wash.2d 72, 727 P.2d 226 (1986)[3] the Washington Supreme Court refused to create a "discovery rule" exception to the statute of limitations in a case involving alleged tortious conduct of a sexual nature which was discovered only when a "repressed memory" was "revived." In that case the court stated:

"We recognize that child sexual abuse has devastating impacts on the victim. However, when a person claims emotional injuries resulting from an intentional tort which she has allegedly remembered only after the stat-

---

3. Subsequent to the court's decision in *Tyson* the legislature of Washington enacted legislation addressing the question of the applicability of the "discovery rule" to repressed memory cases. See Wash.Rev.Code ch. 144 S.S.B. no. 6305 (amending RCW 4.16.-350 and adding a new section to RCW 4.16).

ute of limitations has expired, we must seriously consider the potential effects on our system of justice."

Statutes of limitation assist courts in administering justice and pursuing the truth by barring stale claims. The *Tyson* court described the problems in establishing the truth caused by such claims:

"As time passes, evidence becomes less available. For example, the defendant might have had a critical alibi witness, only to find that the witness has died or cannot be located by the time the action is brought. Likewise, witnesses who observed the plaintiff's behavior shortly after the alleged act may no longer be available. Physical evidence is also more likely to be lost when a claim is stale, either because it has been misplaced, or because its significance was not comprehended at the time of the alleged wrong. In addition, the evidence which is available becomes less trustworthy as witnesses' memories fade or are colored by intervening events and experiences. Old claims also are more likely to be spurious than new ones. 'With the passing of time, minor grievances may fade away, but they may grow to outlandish proportions, too.' *Ruth,* at 665, 453 P.2d 631. Thus, stale claims present major evidentiary problems which can seriously undermine the courts' ability to determine the facts. By precluding stale claims, statutes of limitation increase the likelihood that courts will resolve factual issues fairly and accurately." *Tyson, Id.*

Furthermore, the very notion that it is possible for psychologists to "revive" repressed memories of childhood sexual abuse is one of dubious scientific validity. Scientists disagree over whether repressed memories are valid or are simply instilled in patients by therapists

eager for quick solutions. There is virtually no scientifically documented evidence that repressed memories can be revived. *The Psychotherapy Letter,* Vol. 4 no. 10. Oct. 1992 as discussed in 39 Wayne L. Rev. 1589. As stated by the *Tyson* court:

"Recent studies by certain psychoanalysts have questioned the assumption that the analyst has any special ability to help the subject ascertain the historical truth. See generally *Wesson, Historical Truth, Narrative Truth, and Expert Testimony,* 60 Wash. L. Rev. 331 (1985). These studies show that the psychoanalytic process can even lead to a distortion of the truth of events in the subject's past life. The analyst's reactions and interpretations may influence the subject's memories or statements about them. The analyst's interpretations of the subject's statements may also be altered by the analyst's own predisposition, expectations, and intention to use them to explain the subject's problems, *Wesson,* 60 Wash. L. Rev. at 334-37, 349-50. Thus, the distance between historical truth and psychoanalytic 'truth' is quite a gulf. From what 'really happened' to what the subject or patient remembers is one transformation; from what he remembers to what he articulates is another; from what he says to what the analyst hears is another; and from what the analyst hears to what she concludes is still another. *Wesson,* 60 Wash. L. Rev. at 338.

"While psychoanalysis is certainly of great assistance in treating an individual's emotional problems, the trier of fact in legal proceedings cannot assume that it will produce an accurate account of events in the individual's past." *Tyson, Id.*

We must be mindful of the fact that the very purpose of therapy is to treat the patient rather than to determine truth. When the only "facts" available to the court are those developed as a result of therapy the possibility

of perpetrating terrible injustices is great especially when the "facts" are decades old. It has been suggested by some writers that courts and legislatures have extended the statute of limitations in such cases "before adequate research or analysis has occurred to support such a radical change in the law." It is questionable how the legal system, whose very purpose is to determine the truth, can properly handle such cases where even the experts agree that there is really no way to know what happened. See Josephine A. Bulkley, J.D. and Mark J. Horwitz, M.S.W., J.D. *"Adults Sexually Abused as Children: Legal Actions and Issues,"* 12 Behavioral Sciences and the Law, 65-87 (1994).

In *Baily v. Lewis,* 763 F. Supp. 802 (E.D. Pa. 1991), *aff'd mem.,* 950 F.2d 721 (3rd Cir. 1991), the Federal District Court was confronted with a factual setting almost mirroring our facts. The *Baily* plaintiff alleged that he had repressed all memory of having been sexually abused for 15 years. In our case, the repression time is 17 years.

In *Baily,* the alleged sexual abuse consisted of a series of homosexual acts spanning a five-year period, plaintiff was 12 years old when the alleged misconduct began, and 17 when it ended. The alleged tortfeasor was a family friend.

In *Baily,* Judge VanArtsdalen proclaimed: "To suggest that this course of conduct, if it occurred, was totally concealed from plaintiff's consciousness is to suggest the inconceivable." *Id.* Judge VanArtsdalen further surmised that, "[a]t the very least, plaintiff's alleged lack of awareness cannot be described as objectively reasonable." *Id.*

This summation was reached through an analysis that recognized that Pennsylvania courts have applied

the "discovery rule" exception to the statute of limitations in only the most limited of circumstances, where the plaintiff could not, despite the exercise of reasonable diligence, discover his or her injury or its cause. *Id.* at 806-07. Under Pennsylvania law, "[t]he standard of reasonable diligence is an objective or external one that is the same for all individuals. It is not a subjective [one]." *Redenz by Redenz v. Rosenberg,* 360 Pa. Super. 430, 435, 520 A.2d 883, 886 (1987), *alloc. denied,* 516 Pa. 635, 533 A.2d 93 (1987).

Lastly, the *Baily* court determined that under Pennsylvania law, the fact that a plaintiff is not aware that the defendant's conduct is wrongful, or legally actionable is irrelevant. The plaintiff need only know that he or she has been injured and the cause of the injury. Once this is known, the plaintiff must investigate to determine if the defendant's actions give rise to a legal remedy. *Baily,* 763 F. Supp. at 806-07.

Reasoning from these principles, the *Baily* court concluded that the fact that the plaintiff had repressed the memory of the abuse did not toll the statute of limitations, since the only relevant question was whether the plaintiff knew the abuse was occurring at the time it was occurring and knew the identity of the perpetrator. The fact that plaintiff thereafter suffered from a mental incapacity to remember the abuse was, in the court's view, irrelevant to the discovery rule analysis. *Baily,* 763 F. Supp. at 810 and 42 Pa.C.S. §5533(a).

In *E.J.M. v. Archdiocese of Philadelphia,* 424 Pa. Super. 449, 622 A.2d 1388 (1993) the court refused to apply the "discovery rule" exception to the statute of limitations to a sexual abuse claim. There was no

allegation of repressed memory in that case as plaintiff's contention was simply that he was unaware of the psychological and emotional injuries he had suffered as a result of the alleged sexual abuse until many years after it had occurred. After discussing *Baily* the Superior Court held that "Pennsylvania law does not permit the tolling of a statute of limitations on account of an incapacity of the particular plaintiff which allegedly impaired his or her ability to discover the injury or its cause." *Id.* at 459, 622 A.2d at 1393. Repressed memory is such an incapacity.

By ruling that repressed memory does not toll the statute of limitations we are supporting the strong, longstanding, policy of Pennsylvania courts favoring the strict application of the statute of limitations which is done to avoid the injustices perpetrated by faded or false memories. Thus, even if it is determined that plaintiff's lawsuit was commenced within two years of her "revived" memory, the statute of limitations provides a complete defense to the action.

Accordingly, we enter the following:

## ORDER

And now, August 5, 1994, at 2 p.m., upon consideration of defendant's motion for judgment on the pleadings, plaintiff's answer thereto, briefs of counsel, and all the pleadings in this case, it is hereby ordered that defendant's motion is granted. Plaintiff's action is barred by the statute of limitations.