**Kenneth BAILY**

v.

**Allen LEWIS.**

**Civ. A. No. 90–3371.**

United States District Court,
E.D. Pennsylvania.

May 6, 1991.

Peter DeToy, Norman, Hanson & DeToy, Portland, Me., and Guillermo Bosch, Lauredo and Bosch, Philadelphia, Pa., for plaintiff.

Clifford Cohn, Philadelphia, Pa., for defendant.

Tsiwen M. Law, Hwang and Associates, Philadelphia, Pa., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, Senior District Judge.

Plaintiff Kenneth Baily (Baily) seeks to recover for injuries allegedly incurred as a result of defendant Allen Lewis' acts of sexual molestation and abuse while Baily was a minor. Because I find that all of Baily's claims are barred by the applicable statute of limitations, I will grant Lewis' motion for summary judgment.

## FACTUAL ALLEGATIONS

The complaint in this matter avers that beginning in 1967, Lewis "cultivate[d] and form[ed] a close personal and social relationship" with Baily's parents, and "gained the trust and friendship" of the Baily family, including the children. Amended Complaint at ¶¶ 7–8. Plaintiff Kenneth Baily apparently "came to place deep trust and faith in Lewis," who allegedly "led [Baily] to believe that he, Lewis, was a considerate responsible, well-meaning adult to whom [Baily] could look for moral guidance and supervision." *Id.* at ¶ 10. Baily claims that in fact, beginning in 1969, at a time at which he was twelve years old, and continuing for a period of several years, Lewis sexually molested him on a regular basis. This molestation continued until approximately 1974, at which time Baily was 17 years old. *Id.* at ¶ 11. According to Baily, after the incidents of molestation ceased, he psychologically repressed "any memory and conscious awareness" of Lewis' conduct. *Id.* at ¶ 16. Baily claims that he "first became consciously aware" of the alleged abuse on May 26, 1988, during the course of psychotherapy he was undergoing for various emotional problems. *Id.* at 17. Baily asserts that he suffers from "sleeping disorders, gastrointestinal disorders, nervousness, tension, self-doubt, self-hatred, social inhibition or retardation, and disruption of family relationships," and he attributes these conditions to the conduct of Lewis. *Id.* at ¶ 15.

On May 16, 1990, more than fifteen years after the last alleged incident of sexual abuse, Baily filed the complaint in this matter, including counts for battery, intentional infliction of emotional distress, negligent infliction of emotional distress, fraudulent misrepresentation, and breach of an affirmative duty to protect the plaintiff. Lewis has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that all of Baily's claims are barred by the statute of limitations.

## DISCUSSION

Under Rule 56, summary judgment should be entered if "there is no genuine issue as to any material fact and [the] moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The inquiry performed is the threshold inquiry of determining whether there is the need

for a trial—whether in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A dispute concerning a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. In ruling on a motion for summary judgment, the court must consider the evidence in the light most favorable to the nonmoving party, *Baker v. Lukens Steel Co.*, 793 F.2d 509, 511 (3d Cir.1986); however, the nonmoving party must present some "affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 251, 106 S.Ct. at 2514. Such affirmative evidence "must amount to more than a scintilla, but may amount to less ... than a preponderance." *Williams v. Borough of West Chester*, 891 F.2d 458, 460–61 (3d Cir.1989). The burden on the moving party to show that there is no genuine issue of material fact may be satisfied by "pointing out to the District Court—that there is an absence of evidence to support the nonmoving party's case." *Celotex v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

There is no doubt that sexual abuse of minors is a serious and sensitive problem in our society. It is imperative however, that the shocking nature of the alleged facts not affect the judgment of the courts with respect to the controlling legal principles.

1. Baily is a citizen of Maine, Lewis is a citizen of New York. The events alleged in the complaint occurred while both were citizens of Pennsylvania. Amended complaint at ¶¶ 1, 2.

2. The statute provides in relevant part:
   The following actions and proceedings must be commenced within two years:
   (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
   (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
   . . . .

As jurisdiction in this case is based on diversity of citizenship,[1] the law of the forum state, Pennsylvania, controls. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This includes the forum state's statutes of limitation. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 745, 100 S.Ct. 1978, 1982, 64 L.Ed.2d 659 (1980); *Guaranty Trust Co. v. York*, 326 U.S. 99, 110, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945). All of Baily's claims are thus governed by the two year limitations period specified in 42 Pa.Cons.Stat.Ann. § 5524.[2] As a general rule, a statute of limitations begins to run "as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Pocono International Raceway v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). Persons asserting claims are under a duty to use "all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period.... even though a person may not discover his injury until it is too late to take advantage of the appropriate remedy, this is incident to a law arbitrarily making legal remedies contingent on mere lapse of time." *Id.* at 84–85, 468 A.2d at 471. It would therefore appear that Baily's claims for conduct occurring more than fifteen years ago would obviously be time-barred.

### The Discovery Rule

Baily argues, however, that the running of the statute of limitations was tolled

42 Pa.Cons.Stat.Ann. § 5524. *See also, Osgood v. Borough of Shamokin Dam*, 278 Pa.Super. 423, 425, 420 A.2d 613, 614 (1980) (limitations period for assault and battery claim is two years); *Bougher v. University of Pittsburgh*, 882 F.2d 74, 80 (3d Cir.1989) (under Pennsylvania law, claim for intentional infliction of emotional distress is subject to two year statute of limitations). There is some dispute as to whether this court would have jurisdiction over those claims stemming from incidents that occurred outside Pennsylvania. I need not decide this issue, however, as the parties agree that Pennsylvania substantive law is controlling in this case, and I find that all of Baily's claims are barred by the Pennsylvania statute of limitations.

in this case by the so-called "discovery rule." The discovery rule is "an equitable provision created to protect plaintiffs who are unaware either that they have been injured or of who caused their injury." *Rendenz by Rendenz v. Rosenberg*, 360 Pa.Super. 430, 434, 520 A.2d 883, 885, *alloc. denied*, 516 Pa. 635, 533 A.2d 93 (1987). It serves to toll the running of the statute of limitations until "the plaintiff knows or reasonably should know (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Id.* at 434, 520 A.2d at 885. The discovery rule applies in cases where the plaintiff is unable, despite the exercise of diligence to know of an injury or its cause. *Pocono International Raceway*, 503 Pa. at 85, 468 A.2d at 471.

The parties have not cited, nor has my own research revealed any Pennsylvania cases dealing with this precise issue; that is, whether the discovery rule tolls the running of the statute of limitations when the plaintiff alleges that he was the victim of sexual abuse while a minor and that until recently, he psychologically repressed the memory of the events. Although this appears to be a case of first impression in this jurisdiction, courts in a number of other jurisdictions have addressed the question. In *Johnson v. Johnson*, 701 F.Supp. 1363 (N.D.Ill.1988), Judge Plunkett noted that cases involving this issue have generally involved one of two fact patterns: (1) cases in which the plaintiff claims to have known about the sexual abuse at or before his or her majority, but did not realize that other physical and psychological problems were caused by the molestation (type 1 cases); and (2) cases in which the plaintiff alleges that he or she repressed the memory until shortly before he or she filed suit (type 2 cases). *Id.* at 1367.

Courts in Indiana, Montana and California have declined to apply the discovery rule to type 1 cases. *See Hildebrand v. Hildebrand*, 736 F.Supp. 1512, 1521 (S.D. Ind.1990); *E.W. v. D.C.H.*, 231 Mont. 481, 754 P.2d 817, 820 (1988); *DeRose v. Carswell*, 196 Cal.App.3d 1011, 1020, 242 Cal. Rptr. 368, 373 (6 Dist.1987). In all three of these cases, the courts focused on the fact that the plaintiffs admittedly were fully aware of the wrongful conduct but did not connect it to their subsequent problems. In such cases, the plaintiff is considered to have been on notice that he or she may have been injured and therefore under a duty to investigate possible causes of action. Under those circumstances, the courts reason, an application of the discovery rule would undercut the protection of the statute of limitations. *See Hildebrand*, 736 F.Supp. at 1521; *E.W. v. D.C.H.*, 231 Mont. 481, 754 P.2d at 820; *DeRose*, 196 Cal.App.3d at 1017, 242 Cal. Rptr. at 371.

In contrast, courts in North Dakota and Wisconsin have applied the discovery rule in type 1 cases, on the grounds that the emotional trauma suffered by abuse victims justifies tolling the statute where they knew of the abuse but did not understand its connection to later emotional and physical difficulties. *See Osland v. Osland*, 442 N.W.2d 907, 909 (N.D.1989); *Hammer v. Hammer*, 142 Wis.2d 257, 418 N.W.2d 23, 27 (1987).

A number of courts have applied the discovery rule to type 2 cases. In *Mary D. v. John D.*, 264 Cal.Rptr. 633 (Cal.App.6 Dist.1989), *review dismissed*, —— Cal.3d ——, 275 Cal.Rptr. 380, 800 P.2d 858 (1990), the court held that where a minor victim of sexual abuse repressed the memory of the events while a minor as a direct result of the tortious conduct, "it would be most unfair to the plaintiff not to toll the statute" and accordingly applied the discovery rule to such a claim. *Id.*, 264 Cal.Rptr. at 638–639. In so doing, the court analogized to the minority tolling provision of the relevant statute of limitations, and reasoned that a person who has repressed the events giving rise to the cause of action is in the same position as a minor, in that he or she is not in a position to assert his or her rights. *Id.*, 264 Cal.Rptr. at 639.

The court in *Meiers–Post v. Schafer*, 170 Mich.App. 174, 427 N.W.2d 606 (1988) held that the statute of limitations can be tolled for a sexual abuse claim "if (a) the plaintiff can make out a case that she repressed the memory of the facts upon which her claim

is predicated, such that she could not have been aware of rights she was otherwise bound to know, and (b) there is corroboration for plaintiff's testimony that the sexual assault occurred." *Id.*, 427 N.W.2d at 610. In reaching this conclusion the court stated that the claim would in effect fall under the insanity tolling provision of the relevant statute of limitations. *Id.*, 427 N.W.2d at 608, 610.

In *Johnson v. Johnson, supra,* the court reasoned that the Illinois Supreme Court would apply the discovery rule to a type 2 case, based on its conclusion that in applying the discovery rule the Illinois courts took equitable considerations into account "as strongly if not more strongly" than problems of proof. *Id.*, 701 F.Supp. at 1369–1370.

Still other courts have rejected the application of the discovery rule to type 2 cases as well as type 1 cases. In *Tyson v. Tyson,* 107 Wash.2d 72, 727 P.2d 226 (1986), the Supreme Court of Washington refused to apply the discovery rule to a type 2 case because of the risk of stale claims and the problems of proof that such cases would present. According to the court, "if [the court] applied the discovery rule to such actions, the statute of limitations would be effectively eliminated and its purpose ignored." *Id.* at 79, 727 P.2d at 229. The result in *Tyson* has, however, been overruled by statute. *See* Wash.Rev.Code ch. 144 S.S.B. No. 6305, (amending RCW 4.16.-350 and adding a new section to RCW 4.16); *North Coast Air Services, Ltd. v. Grumman Corp.,* 111 Wash.2d 315, 759 P.2d 405 (1988). The court in *Lindabury v. Lindabury,* 552 So.2d 1117 (Fla.App. 3 Dist.1989) (per curiam), *cause dismissed,* 560 So.2d 233 (Fla.1990), affirmed the dismissal of a type 2 action on the grounds that it was time-barred without discussing whether the discovery rule might apply. In *Petersen v. Bruen,* 106 Nev. 271, 792 P.2d 18 (1990), the Supreme Court of Nevada declined to apply the discovery rule to a type 2 case and instead ruled that "no existing statute of limitations applie[d] to bar the action of an adult survivor of [child sexual abuse] when it is shown by clear and convincing evidence that the plaintiff has in fact been sexually abused during minority by the named defendant." *Id.* 792 P.2d at 25.

The allegations in the instant case present a type 2 fact pattern. Notwithstanding the approach of courts in other jurisdictions, because I do not believe that the Pennsylvania Supreme Court would toll the running of the statute of limitations under the discovery rule in this case, I will grant Lewis' motion for summary judgment.

As was discussed above, the discovery rule is a limited exception to the statute of limitations. It prevents the statute from running when the plaintiff could not, despite the exercise of reasonable diligence, have discovered an injury or its cause. The party seeking to invoke the rule is under "a heavy burden of inquiry." *Lowe v. Johns–Manville Corp.,* 604 F.Supp. 1123, 1127 (E.D.Pa.1985). Under Pennsylvania law, "[t]he standard of reasonable diligence is an objective or external one that is the same for all individuals. It is not a subjective standard." *Rendenz by Rendenz v. Rosenberg,* 360 Pa.Super. at 435, 520 A.2d at 886. *Accord, Burnside v. Abbot Laboratories,* 351 Pa.Super. 264, 292, 505 A.2d 973, 988 (1985). The fact that this individual plaintiff may have lacked knowledge of his or her injury is "irrelevant," "the statute is tolled only if a reasonable person in the plaintiff's position would have been unaware of the salient facts." *Rendenz,* at 435, 520 A.2d at 886. In defining reasonable diligence, the courts have stated "[t]here are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence." *Urland v. Merrell–Dow Pharmaceuticals, Inc.,* 822 F.2d 1268, 1273 (3d Cir.1987) (quoting *Deemer v. Weaver,* 324 Pa. 85, 90, 187 A. 215, 217 (1936)). Moreover, with respect to knowledge of a claim, "plaintiffs need not know that they have a cause of action, or that the injury was caused by another party's wrongful conduct, for once a plaintiff possesses the salient facts concerning the occurrence of his injury and *who* or *what*

caused it, he has the ability to investigate and pursue his claim." *Vernau v. Vic's Market, Inc.*, 896 F.2d 43, 46 (3d Cir.1990) (emphasis in original); *accord Citsay v. Reich*, 380 Pa.Super. 366, 370–371, 551 A.2d 1096, 1098 (1988).

Because the standard of knowledge is an objective one, it is typically the nature of the injury that will determine whether the discovery rule applies. The rule applies where an injury "is not readily discernible." *Stauffer v. Ebersole*, 385 Pa.Super. 306, 309, 560 A.2d 816, 817, *alloc. denied*, 524 Pa. 622, 571 A.2d 384 (1989). The discovery rule has thus been applied in cases involving medical malpractice where the injury was not immediately apparent, *see Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959) (surgical sponge left in abdomen during operation performed nine years earlier), *DeMartino v. Albert Einstein Medical Center*, 313 Pa.Super. 492, 460 A.2d 295 (1983) (negligent root canal); in cases of "creeping diseases" where the plaintiff has been exposed to hazardous substances but the symptoms of the injury do not develop for some time, *see Trieschock v. Owens Corning Fiberglas Co.*, 354 Pa.Super 263, 511 A.2d 863 (1986), *alloc. denied*, 514 Pa. 617, 521 A.2d 932 (1987) (asbestosis from exposure to asbestos), *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 471 A.2d 493 (1984) (same); in cases involving latent defects in construction, *see Northampton County Area Community College v. Dow Chemical*, 389 Pa. Super. 11, 566 A.2d 591 (1989), *alloc. granted*, 525 Pa. 647, 581 A.2d 573 (1990) (defective masonry panels used in construction of building); and in cases of subsurface injury where the defendant damaged the land of the plaintiff via access originating on the defendant's land, *see Smith v. Bell Telephone Co. of Pa.*, 397 Pa. 134, 153 A.2d 477 (1959) (underground telephone line conduit crushed and blocked sewage pipe); *Lewey v. H.C. Fricke Coke Co.*, 166 Pa. 536, 31 A. 261 (1895) (removal of coal from plaintiff's land via access from defendant's land).[3] These examples are not, of course, exhaustive, but they are illustrative of the type of injury which will justify application of the discovery rule in that they involve circumstances in which "no amount of vigilance" would have enabled the plaintiff to discover the injury or its cause within the limitations period. *Pocono International Raceway*, 503 Pa. at 85, 468 A.2d at 471.

Baily's injuries all stem from what are essentially batteries. The elements of the tort of battery are " 'a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such a contact, or apprehension that such a contact is imminent.' " *Levenson v. Souser*, 384 Pa.Super. 132, 146, 557 A.2d 1081, 1088, *alloc. denied*, 524 Pa. 621, 571 A.2d 383 (1989) (quoting Prosser and Keeton, *Law of Torts*, at 39 (5th ed.1984)). The contact or touching must also be done without the consent of the plaintiff. *Id.* at 146, 557 A.2d at 1088. "[I]n a typical battery action, all of these elements will ordinarily be present and ascertainable to plaintiff at the time of the touching itself." *Id.* at 146, 557 A.2d at 1088. *Levenson* involved a battery action based on lack of informed consent regarding a surgical procedure. In such a case, the elements of the tort may not be readily ascertainable, because the plaintiff is unaware of the "non-consensual" touching or the precise nature of the touching at the time it occurs, and only becomes aware of it at some later point, when an injury caused by the non-consensual touching "manifests itself." *Id.* at 147, 557 A.2d at 1088. That is not the case here. Baily does not allege that he was unaware of the actions at the time they occurred. He concedes in fact that at the time of the incidents of abuse, he was aware that they were occurring, that he found the incidents "frightening," and that they hurt, both "physically" and "emotionally." Deposi-

---

**3.** The possible application of the discovery rule was considered in all these cases; however in *DeMartino* and *Northampton County Area Community College,* the courts found the actions to be nonetheless time-barred, as the plaintiffs un-reasonably delayed their investigation of possible claims even after they possessed sufficient knowledge with respect to the occurrence of their injuries.

tion of Kenneth Baily at 112. He also testified that at the time the abuse occurred, he "knew it was horrifying." *Id.* at 191. He claims rather that he could not bring his claim earlier, because he repressed the memory of the experiences. It was thus plaintiff's own incapacity, albeit, one allegedly caused by the injury, and not the nature of the injury itself that resulted in his inability to pursue his claim.

The Pennsylvania courts have been unwilling to allow the incapacity of a plaintiff to toll the statute of limitations. The existence of an insanity tolling provision has been pivotal to courts in other jurisdictions that have allowed plaintiffs in Baily's position to proceed.[4] The Pennsylvania judicial code specifically provides, however, that "[e]xcept as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter." 42 Pa.Cons. Stat.Ann. § 5533(a). Moreover, courts applying Pennsylvania law have consistently stated that the statute of limitations runs against persons under a disability, including one who is mentally incompetent. *Greenberg v. McCabe,* 453 F.Supp. 765, 767 (E.D.Pa.1978), *aff'd without opinion,* 594 F.2d 854 (3d Cir.), *cert. denied,* 444 U.S. 840, 100 S.Ct. 78, 79, 62 L.Ed.2d 51 (1979); *Walters v. Ditzler,* 424 Pa. 445, 450, 227 A.2d 833, 835 (1967); *Walker v. Mummert,* 394 Pa. 146, 148, 146 A.2d 289, 290 (1958),[5] *Courts v. Campbell,* 245 Pa.Super. 326, 330, 369 A.2d 425, 428 (1976); *Hippensteel v. W.C.A.B. (H.M. Kelly Trucking),* 72 Pa. Commw. 261, 263, 457 A.2d 137, 138 (1983). While recognizing the harshness of the rule, the court in *Walker* explained its rationale thusly:

it is always unfortunate when an innocent injured party through no fault of his own, is denied deserved compensation from a wrongdoer. On the other hand, however, the very reasons which support the establishment of a statute of limitations also militate against exceptions thereto. Thus permitting the deferment of the institution of a personal injury claim until the end of a prospective plaintiff's period of disability seriously prejudices the person against whom suit is brought. With the passage of time a defendant may be hard pressed to assert his innocence of wrongdoing, for, his evidence may disappear or become unavailable, his witnesses scatter and die, and their memories become dim.

*Id.* 394 Pa. at 151–152, 146 A.2d at 291.

More recently, in *Bowser v. Guttendorf,* 373 Pa.Super. 402, 541 A.2d 377 (1988), the plaintiff sued her former foster parents for assault, battery and intentional and/or negligent infliction of emotional distress resulting from sexual molestation that occurred while she lived in the foster home. The dispute before the Superior Court specifically concerned her claim against her foster mother alleging that the foster mother's negligence allowed the foster father to abuse the plaintiff. The plaintiff argued that the running of the limitations period should be tolled because she was under a physical disability that prevented her from communicating the events averred in the complaint. Relying on those cases that refused to toll the statute for a plaintiff's disability, the court rejected the argument, stating that "such an allegation is not sufficient to toll the running of the statute of

---

**4.** In ruling that a plaintiff who had repressed memories of childhood sexual abuse or who was otherwise so traumatized by the experience so as to impair his or her ability to institute legal action could avoid the bar of the statute of limitations, the courts of both Michigan and New Jersey have emphasized that the alleged repression or incapacity would bring the plaintiff within the insanity tolling provisions of the respective statutes of limitation. *Jones v. Jones,* 242 N.J.Super. 195, 205, 576 A.2d 316, 321, *certification denied,* 122 N.J. 418, 585 A.2d 412 (1990); *Meiers–Post v. Schafer,* 170 Mich.App. 174, 427 N.W.2d at 610.

**5.** At the time *Walters* and *Walker* were decided, the Pennsylvania code did not specifically provide that infancy, insanity or imprisonment did not toll the statute; the principle was one established by case law. This principle was later codified at 42 Pa.Cons.Stat.Ann. § 5533. The historical note to the section states that it was intended as a codification of existing law. In 1984, the section was amended to provide for the tolling of the statute for minor plaintiffs; however, the amended section retained the explicit statement that insanity and imprisonment will not serve to extend the limitations period.

limitations." *Id.* at 406, 541 A.2d at 379–380. The court also rejected her argument that the discovery rule applied to toll the statute. The court held that the plaintiff could not rely on the discovery rule, as she had "not set forth allegations to demonstrate what facts rendered it unreasonable to expect her to discover her injury when it occurred." *Id.* at 408, 541 A.2d at 380.

Baily argues that *Bowser* is irrelevant to the instant case because he is not claiming the benefit of a physical disability, nor is he alleging that a third party's negligence in some way estops the defendant from asserting the defense of the statute of limitations. Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Plaintiff's Memo) at 14. While it is true that the facts in *Bowser* differ from those in the present case, *Bowser* nonetheless demonstrates the reluctance of the Pennsylvania courts to toll the statute of limitations due to a disability on the part of the plaintiff that affected her ability to assert her claim within the statutory period. It is also instructive in that it appears to be the only Pennsylvania case in which the applicability of the discovery rule to a cause of action based on sexual abuse of a minor was considered.

This refusal to toll the statute based on the disability of a plaintiff is consistent with Pennsylvania's emphasis on an objective standard of reasonable diligence. In

*Barren by Barren v. United States,* 839 F.2d 987 (3d Cir.) *cert. denied,* 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988), the Third Circuit Court of Appeals explained the connection between the two principles. In that case, a former serviceman brought an action for medical malpractice under the Federal Tort Claims Act, alleging that a Veterans Administration hospital negligently failed to admit him for in-patient psychiatric care. The plaintiff claimed that the malpractice "so affected his mental facilities that he was incapable of perceiving the negligence of the government," and that the statute of limitations should therefore be tolled. *Id.* at 989. The court rejected the argument, holding that even though the malpractice "was a substantial factor in [the plaintiff's] inability to recognize that very malpractice," the running of the limitations period would not be extended. *Id.* at 991. In so ruling, the court stated that "[a]llowing [the plaintiff] to file later than an objectively reasonable person would be tantamount to ruling that a plaintiff's mental infirmity can extend the statute of limitations. Such extensions have uniformly been rejected by this and other courts of appeals.... We recognize that our holding in his case visits a harsh result on the plaintiff. However, limitations periods must be strictly construed." *Id.* at 992.[6]

**6.** *Barren* involved a claim under the Federal Tort Claims Act, and the application of the discovery rule to such a claim. Although the court was not concerned with the Pennsylvania discovery rule, its formulation of the rule was substantially the same: whether the plaintiff, in the exercise of due diligence, knew or should have known of the possibility of injury, 839 F.2d at 990, and in the absence of any statement to the contrary by the Pennsylvania courts, its reasoning would seem to apply with equal force to issues arising under Pennsylvania law. In *Greenberg v. McCabe, supra,* the court recognized that in applying the discovery rule, Pennsylvania courts would not toll the statute due to a mental disability of the plaintiff, and that the mental disability of the plaintiff does not alter the level of diligence to which the plaintiff would be held with respect to discovering an injury and its cause. *Id.,* 453 F.Supp. at 768. It reasoned, however, that where the wrongful actions of the defendant actually caused the mental disability, the disability was relevant with respect to the issue of whether a reasonable

person who had undergone such treatment could have discovered the injuries. *Id.* at 769. The reasoning of *Greenberg* does not alter my conclusion that Baily's disability does not toll the running of the statute of limitations in this case. First, the court in *Barren* questioned the continuing vitality of *Greenberg,* 839 F.2d at 994 n. 1. Secondly, the plaintiff in *Greenberg* alleged that while she was in the care of the defendant psychiatrist, the defendant improperly administered drugs that affected her mental condition and her ability to perceive defendant's wrongful conduct. The court reasoned that such a scenario was analogous to a surgeon's conduct in leaving a sponge inside a patient. In this case, although Baily alleges that the wrongful conduct caused him to repress any memory of the conduct, unlike the case in *Greenberg,* it was not the nature of the conduct which necessarily caused the disability, but rather his own response to the trauma that caused the disability. This is not intended to make light of the trauma that victims of such abuse suffer, but

In resolving this issue, it is also important to recognize the importance of statutes of limitations in Pennsylvania jurisprudence. The Pennsylvania courts have stressed the strong policy rationales that underlie the statute of limitations. The Pennsylvania Supreme Court has stated:

The defense of the statute of limitations is not a technical defense but substantial and meritorious.... Such statutes are not only statutes of repose, but they supply the place of evidence lost or impaired by lapse of time, by raising a presumption which renders proof unnecessary.... 'Statutes of limitations are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs.'

*Schmucker v. Naugle*, 426 Pa. 203, 205–206, 231 A.2d 121, 123 (1967) (quoting *United States v. Oregon Lumber Co.*, 260 U.S. 290, 299–300, 43 S.Ct. 100, 103, 67 L.Ed. 261 (1922)). *Accord, Insurance Company of North America v. Carnahan*, 446 Pa. 48, 51, 284 A.2d 728, 729 (1971).

As was noted above, Baily was admittedly aware of the factual basis of his claims at the time the events occurred. He knew the acts he now recognizes as wrongful were occurring and he knew who was committing them. His assertion that he did not know the acts were wrongful at the time they were committed does not toll the statute of limitations. It is clear that under Pennsylvania law, where the plaintiff is aware of "the facts concerning the occurrence of his injury" and the "causative relationship" between the injury and the defendant's conduct, the fact that the plaintiff does not know that he has a cause of action will not prevent the statute from running. *Vernau v. Vic's Market, Inc.*, 896 F.2d at 46; *Citsay v. Reich*, 380 Pa.Super. at 375, 551 A.2d at 1098; *Bickford v. Joson*, 368 Pa.Super. 211, 218, 533 A.2d 1029, 1033 (1987), *alloc. denied*, 518 Pa. 647, 544 A.2d 959 (1988). In light of Pennsylvania's emphasis on an objective standard with respect to reasonable diligence and the discovery of injuries, and its refusal to toll the running of the limitations period for disabilities of plaintiffs, I conclude that in a case such as this where the plaintiff was admittedly aware of the salient facts upon which his claim is based at the time they occurred, and the identity of the alleged wrongdoer, the Pennsylvania Supreme Court would not toll the running of the limitations period under the discovery rule where the plaintiff asserts that the trauma of the events giving rise to his cause of action caused him to repress the memory of those events.

Moreover, the fact that some incidents of the injury, namely the physical and psychological disabilities that now affect Baily, did not arise until a later date does not alter this conclusion. This is not a case akin to those involving "creeping diseases" where there were no symptoms of any injury at the time of the plaintiff's exposure to the cause of the injuries. The asserted cause of Baily's subsequent physical and emotional difficulties is the series of batteries committed upon him by the defendant and the resultant stress and trauma. Once the limitations period began to run on the initial injury, the battery, it also began to run on any related injuries arising from the same wrongful conduct. *Orozco v. Children's Hospital of Philadelphia*, 638 F.Supp. 280, 282 (E.D.Pa.1986); *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. at 149, 471 A.2d at 507.

Although the issue of whether plaintiffs acted with reasonable diligence under the discovery rule is usually one for the jury to resolve, in a case where there are no material factual issues, a grant of summary judgment is proper. *Orozco* at 283; *Bickford v. Joson*, 368 Pa.Super. at 219, 533 A.2d at 1033. As was noted above, Baily concedes he knew of the factual basis of his claim at the time the events occurred. Because I have concluded that Baily's memory repression would not toll the run-

rather to point out that the injury is of the sort that reasonable diligence could have discovered at the time it occurred, and that it would not toll the statute of limitations under the Pennsylvania discovery rule.

ning of the statute under Pennsylvania law, there are no material facts at issue. The latest alleged act of abuse occurred sometime in 1974. Plaintiff's Memo at 2. The two year limitations period applicable to Baily's claims would thus have expired sometime in 1976, long before the filing of this case and Baily's claims are therefore time-barred.

### Fraudulent Concealment

 Baily also argues that Lewis should be estopped from asserting the defense of the statute of limitations under the doctrine of fraudulent concealment. In Pennsylvania, a party may be estopped from asserting the statute of limitations "[w]here 'through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry.'" *Molineux v. Reed*, 516 Pa. 398, 402, 532 A.2d 792, 794 (1987) (quoting *Schaffer v. Larzelere*, 410 Pa. 402, 405, 189 A.2d 267 (1963)). The defendant's conduct "need not rise to fraud or concealment in the strictest sense, that is with an intent to deceive; unintentional fraud or concealment is sufficient." *Id.* 516 Pa. at 403, 532 A.2d at 794. However, the plaintiff bears "the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing." *Id.* at 403, 532 A.2d at 794, and the plaintiff's reliance upon the claimed fraudulent concealment must be reasonable. *Citsay v. Reich*, 380 Pa.Super. at 371, 551 A.2d at 1099.

Baily argues that Lewis' fraudulent concealment consisted of Lewis' use of "his position of trust and guidance to make the wrongful acts that he committed with the Plaintiff seem normal and healthy." Plaintiff's Memo at 21; Amended Complaint at ¶ 12. These allegations are insufficient to establish fraudulent concealment. In the malpractice context, general statements by a defendant physician that "everything was fine, and that [the plaintiffs] should not worry" have been held to be insufficient to estop the defendant from raising the statute of limitations, because "such general reassurances do not rise to the level of … specific representations" necessary to constitute fraudulent concealment. *Ciprut v.*

*Moore*, 540 F.Supp. 817, 821 (E.D.Pa.1981), *aff'd without opinion*, 688 F.2d 819 (3d Cir.1982). Once again, in this case there is no dispute that Baily was aware of the acts upon which he is suing when they took place. He claims that Lewis led him to believe that Lewis "was a trustworthy and loving individual," and that the general nature of the relationship and Lewis' statements and actions suggested or implied to Baily that the sexual molestation was "harmless and fun" and should be kept a secret. Plaintiff's Memo at 21; Amended Complaint at ¶ 14. These allegations are akin to the general reassurances in *Ciprut*, and fail to satisfy the burden of showing facts that establish fraudulent concealment sufficient to estop the defendants from raising the statute of limitations. Moreover, Baily's deposition testimony that at the time the experiences upon which he bases his claim occurred, he found them "horrifying" and "physically" and "emotionally" painful, belies any assertion that Baily's reliance on Lewis' statements and conduct was reasonable.

Because there are no genuine issues of fact for trial and there are no factual assertions sufficient to establish an estoppel, it is clear that as a matter of law, Baily's claims are barred by the running of the statute of limitations, and summary judgment will therefore be entered.