**CHARLES E. BEARD, INC., d/b/a Security Microfilm Company**

v.

**CAMERONICS TECHNOLOGY CORPORATION, Cameronics International, Inc., McDonnell Douglas Corporation.**

Civ. A. No. B–87–01359–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

April 30, 1988.

Jon B. Burmeister, Moore, Landrey, Garth & Jones Beaumont, for plaintiff.

O. Dudley Oldham, John B. Beckworth, Fulbright & Jaworski, Houston, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Defendants, Cameronics Technology Corporation, Ltd., and Cameronics International, Inc. (Cameronics) filed a 12(e) FED.R. CIV.P. motion for a more definite statement on the following grounds:

(1) Plaintiff failed to identify the particular dates of any agreement between the parties;

(2) Plaintiff failed to identify the specific make and model number of the camera in question, and failed to allege the specific camera defects;

(3) Plaintiff failed to plead the maximum amount in damages and each element of damage he seeks;

(4) Plaintiff failed to set forth any facts to support his claim of negligence, breach of contract, breach of warranties, promissory estoppel, equitable estoppel, or his statutory claim;

(5) Plaintiff failed to allege the amount of his attorney's fees which he claims in damages.

Pertinent parts of plaintiff's complaint appear as follows:

During the autumn of 1985, the plaintiff herein conducted extensive negotiations with Drew W. Lindsley and Greg Smith, who the plaintiff alleges were agents of McDonnell Douglas Corporation, regarding the purchase of a Cameronic 2000 camera, as well as other cameronic equipment.

Plaintiff alleges that it subsequently received the camera in question, but that it did not perform as represented. Plaintiff alleges that it made a number of efforts in both 1986 and 1987 to meet with various agents and employees of all of the defendants herein, in order to correct the many problems that surfaced with respect to the equipment in question, but that none of the defendants ever corrected the problems. Plaintiff alleges that it has suffered great damages, for such elements as the purchase price, having to pay interest on the money that it borrowed to make the purchase price, various trips to places such as Atlanta, San Francisco, New York City, Dallas–Ft. Worth, and other places, freight charges, software program time, supplies, operational expenses, salaries, contract fees, advertising fees, telephone expenses, lost profits business reputation, administrative expenses, and attorney's fees. Plaintiff alleges that it has been damaged in a sum which exceeds the minimum jurisdictional requirements of this court.

Plaintiff brings a cause of action against all of the defendants for various acts of negligence, both common law and statutory, breach of contract, breach of warranties, as well as promissory and/or equitable estoppel.

*Plaintiff's Complaint*, at 2.

Under Rule 12(e), the court must determine whether the pleadings are so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. *FED.R.CIV.P.* 12(e); *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir.1959). In the court's view, whether the defendant is entitled to a more definite statement depends in part on the function of the pleadings.

At common law, the pleadings came to be seen as a means of sharpening the dispute between the parties. *See, e.g.*, CASAD & SIMON, CIVIL PROCEDURE at 269–274 (1984). Common law pleadings functioned to frame issues, both legal and factual. *See*, MOORE'S FEDERAL PRACTICE, ¶ 8.03 at 8–11. In contrast, the modern

philosophy of pleadings as embodied in the FEDERAL RULES OF CIVIL PROCEDURE is that the pleadings do little more than indicate generally the type of litigation involved. *Id.* at ¶ 8.03, 8–10. Through its notice-pleading standard and liberal discovery rules, the federal rules have shifted the primary issue-framing function away from the pleadings to the discovery process, which culminates in a final pretrial order. An example of this shift appears in Rule 8(a)(2), which merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement decidedly functions to "give the defendant fair notice of what the plaintiff's claim is, and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Rule 8(a)(2) requires the pleader to give the defendant fair notice of (1) his legal theory (the claim), and (2) the general transaction or occurrence on which the claim rests (the grounds). The federal rules do not require a claimant to set out in detail the facts upon which he bases his claim. *Conley v. Gibson, supra,* at 47, 78 S.Ct. at 102. Such detail is properly left to the many devices of discovery, such as interrogatories, requests for admissions, depositions.

■ Taking the above standards into consideration, the court does not think that the pleadings are too vague or ambiguous to enable the defendant to frame a responsive pleading. In fact, defendant has filed a response subject to its Rule 12(e) motion. It is readily apparent that counsel for defendant has lost sight of the modern function of the pleadings. The information he requests would be more properly obtained via discovery, rather than a Rule 12(e) motion. Although plaintiff's pleadings are very general, and push the concept of notice pleading to its outer limit, the pleadings at least satisfy Rule 8(a)(2). Plaintiff is not required to plead with specificity the information defendant demands in Items 1–4 listed above.

■ To the extent defendant may be relying upon Rule 9(g) to support its motion, further remarks are in order. Although special damages must be pleaded with spec-

ificity, and attorney's fees are considered special damages under Rule 9(g), a plaintiff complies with Rule 9(g) by setting forth the specific type of special damage sought, and not the actual amount. *See, Great American Indemnity Co. v. Brown,* 307 F.2d 306, 308 (5th Cir.1962); *Cotton Bros. Baking Co., Inc. v. Industrial Risk Insurers,* 102 F.R.D. 964 (W.D.La.1984). The plaintiff has specified that he is seeking attorney's fees, and thus, the court finds no Rule 9(g) violation.

Judicial economy, substantive right, or the presence of jurisdictional issues may justify granting motions for a more definite statement. *See, e.g., Sutton v. U.S.,* 819 F.2d 1289, 1300 (5th Cir.1987) (pleadings raising a probable question of immunity are subject to motions for a more definite statement, *sue sponte* ); *see also, Elliot v. Perez,* 751 F.2d 1472, 1482 (5th Cir. 1985); *Spears v. McCotter,* 766 F.2d 179, 181 (5th Cir.1985) (prisoner complaints may properly be subjected to judicial screening in the form of questionnaires which are equivalent to motions for a more definite statement); *Pardee v. Moses,* 605 F.2d 865 (5th Cir.1979) (*pro se* prisoner required to comply with Rule 12(e) motion); *Cates v. International Tel. & Tel. Corp.,* 756 F.2d 1161, 1180 (5th Cir.1985) (where pleadings are extremely conclusory, confused and unclear, pleadings are subject to Rule 12(e) motions); *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 378, 102 S.Ct. 1114, 1124, 71 L.Ed.2d 214 (1982) (where the pleadings raise issues of standing going directly to the court's Article III power, Rule 12(e) motions may be in order). None of these special concerns are present here.

For the above reasons, defendant's 12(e) motion is in all things DENIED.