## Garber v. Ansell/Perry

*Mark F. Haak,* for plaintiffs.

*Heather S. Heidelbaugh, Jennifer L. McPeak, Henry Janssen, Kenneth Greenfield, Melissa A. Wojylak, Walter H. Swayze III,* and *Kimberly A. Laperworth,* for defendants.

GILMORE, *J.,* June 25, 2003—This matter is before the court on defendants' joint motion for summary judgment. This matter arises from the plaintiff's alleged injuries suffered as a result of a latex allergy she developed during the course of her employment as a nurse's aide from 1979 until 1997. Plaintiff further alleges that the allergy she developed was due to her exposure to latex gloves manufactured by the various defendants.

The defendants have filed various motions for summary judgment, but before this court can address any of

those motions, this court must decide whether the plaintiff's complaint was timely filed or is barred by the two-year statute of limitations for a negligence claim.[1] The plaintiff alleges that the "discovery rule" applies to this case which tolls the statue until June 12, 1997.[2] The defendants allege the plaintiff's claim should be barred because there are sufficient facts under the circumstances to put the plaintiff on notice of a pending claim. Defendants also allege that the plaintiff's claim for breech of warranty of merchantability, breach of implied warranty of fitness, and breach of expressed warranty shall be barred by the four-year statute of limitations and will be addressed later in this opinion.

In reviewing a motion for summary judgment, the court must consider the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 145, 615 A.2d 303, 304 (1992). Summary judgment will be granted only in those cases which are free and clear from doubt. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). At the same time, however, a non-moving party may not successfully avoid summary judgment by simply resting

---

1. In addition to the negligence claim, plaintiff has brought additional complaints sounding in strict products liability, fraudulent concealment, loss of consortium and requesting punitive damages against defendants which all must be brought within the two-year statute of limitations.

2. It was not until June 12, 1997, that the plaintiff underwent serum blood testing which showed that she was sensitized to natural rubber latex after she went to the emergency room at Washington Hospital with a complaint of a swollen right hand.

upon the mere allegations or denials contained in the pleadings. Pa.R.C.P. 1035.3(a). In other words, to defeat a motion for summary judgment a non-moving party must present sufficient evidence on an issue essential to her case and on which she bears the burden of proof such that a jury could return a verdict in her favor. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 101-102, 674 A.2d 1038, 1042 (1996). The non-moving party's inability to advance such evidence establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* With this standard in mind, the court turns to consider the defendant's contentions.

Pennsylvania law provides a two-year statute of limitation on actions to recover damages for injuries to the person caused by another's wrongful act, negligence, or fraud. 42 Pa.C.S. §§5524(2), 5534(7). Furthermore, the running of the statutory period in which to file suit begins at the time an injury is sustained. *Bohus v. Beloff,* 950 F.2d 919 (3d Cir. 1991). A plaintiff need not know the exact medical cause of an injury, nor that the injury is due to another's negligent conduct, nor that a cause of action exists before the statutory period will begin to run. *Id.* Rather, "once a plaintiff possesses the salient facts concerning the occurrence of his injury and who or what caused it, he has the ability to investigate and pursue his claim," thus causing the statutory period to commence. *Berardi v. Johns-Manville Corp.,* 334 Pa. Super. 36, 482 A.2d 1067 (1984).

The Pennsylvania courts have made it clear that lack of knowledge, mistake or misunderstanding will not toll the running of the limitations period, even if the party does not discover the injury until it is too late to pursue a

remedy. *Pocono International Raceway Inc. v. Pocono Produce Inc.,* 503 Pa. 80, 468 A.2d 468 (1983). However, the courts have granted plaintiffs some leeway by recognizing the "discovery rule," which provides, "where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible." *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 325, 608 A.2d 1040, 1043 (1992).

The plaintiff is relying on the "discovery rule" to toll the statutory period from running. The law pertaining to the discovery rule is well settled. The "discovery rule" is an exception to the two-year statute of limitations for a negligence action, and arises from the inability of the injured, *despite the exercise of due diligence,* to know of the injury or its cause. *Burton-Lister v. Siegel, Sivitz and Lebed Associates,* 798 A.2d 231, 237 (Pa. Super. 2002). The court further stated that "the very essence of the discovery rule in Pennsylvania is that it applies only to those situations where the nature of the injury itself is such that no amount of vigilance will enable the plaintiff to detect an injury." *Id.* citing *Dalrymple v. Brown,* 549 Pa. 217, 701 A.2d 164 (1997).

The issue for this court to decide is whether the plaintiff, exercising reasonable diligence, knew or reasonably should have known that she had been injured and that her injuries had been caused by the gloves manufactured by the defendant. Furthermore, did the plaintiff exercise the level of diligence in ascertaining the cause of her injuries as a reasonable person would employ under the

facts and circumstances presented in this particular case? The plaintiff alleges her claim should not be barred by the statute of limitations because not only did the plaintiff not know the exact medical cause of her injury, but also she was unaware that she had suffered any injury at all.

The plaintiff's complaint alleges that she developed a latex allergy during the course of her employment as a nurse's aide from 1979 until 1997. On or about January 23, 1995, while working as a certified nurses' aide at Washington Hospital, plaintiff first complained of an injury to her hands which she immediately reported to the Washington Hospital Employee Health Department. The plaintiff completed a form documenting her dry and cracked hands and in that report, plaintiff used the words, "Latex gloves break my hands out." In the fall of 1996, plaintiff began experiencing additional allergy-type symptoms, including a runny nose and sneezing, which she had reason to know these symptoms could indicate an allergic reaction since she had her son tested for allergies when he contracted similar symptoms. On April 13, 1997, plaintiff experienced an incident of hives while at work and was subsequently taken to the emergency room at Washington Hospital. Plaintiff was treated with Benadryl, an antihistamine, and given discharge instructions indicating immediate follow-up care that should be pursued for an allergic reaction. In May of 1997, plaintiff again went to the emergency room at Washington Hospital with a complaint of a swollen right hand. The plaintiff eventually underwent serum blood testing on June 12, 1997, which showed that she was sensitized to natural rubber latex. On June 17, 1997, plaintiff stopped

working at the Washington Hospital and has not been employed in any capacity since that date.

The plaintiff filed her action on June 7, 1999, and asserts that her action was timely filed since on June 17, 1997, was the first point in time at which plaintiff associated the connection between her allergy, symptoms of that allergy and latex gloves. Therefore, because this action was tolled until June 12, 1997, and the complaint filed on June 17, 1999, plaintiff argues that this action falls within the two-year statue of limitations. However, relying on the standards set forth by the Pennsylvania courts with regards to the "discovery rule," this court disagrees with the plaintiff's assertion. Reviewing the record in light most favorable to the non-moving party, the record clearly indicates that plaintiff had numerous opportunities to ascertain the cause of her injuries with reasonable diligence. By her own admission, plaintiff recognized her injuries were caused by an allergic reaction in April of 1997. Furthermore, the courts have been clear that in order for a claim to fall under the province of the "discovery rule," the plaintiff must use reasonable diligence in discovering its origin. With many visits to the emergency room and other problems associated with her hands, plaintiff should have known that she sustained an injury, and that injury was caused by the negligence of another. It was her responsibility to ascertain the cause of her injuries and one which she did not do. Furthermore, it is the defendants' contention that the plaintiff disregarded many warnings by her treating physician and further presented evidence of a seminar conducted by the Washington Hospital addressing the problems of allergies associated with wearing rubber latex gloves. The

plaintiff decided not to adhere to these warnings which is detrimental to her claim.

Applying Pennsylvania case law to the pending action, it is clear that even though the plaintiff might not have known the exact medical cause of her injury, she did possess the salient facts necessary to investigate and pursue her claim. Furthermore, it is of this court's opinion that the plaintiff did not exercise the necessary reasonable diligence in ascertaining the cause of her injuries to invoke the "discovery rule" and to the statute of limitations. Therefore, the defendants' joint motion for summary judgment is granted and the plaintiff's case should be dismissed for not complying with the two-year statute of limitations necessary to file a negligence claim.

As for plaintiff's breach of warranty claims set forth in her complaint, the plaintiff alleges breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and breach of express warranty. The defendant contends that the complaint was not timely filed in accordance with the four-year statute of limitations.

It is well settled under Pennsylvania law that actions for breach of warranty are subject to the four-year statute of limitation prescribed in the Pennsylvania Commercial Code. 13 Pa.C.S. §2725. The code expressly provides that a cause of action for breach of warranty accrues "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." 13 Pa.C.S. §2725(b). The code also provides that except where an express warranty explicitly extends to future performance of the goods sold, a breach occurs, if at all, "when tender

of delivery is made." As a result, "the discovery rule applicable to tort actions does not apply in warranty actions" in Pennsylvania. *Pitts v. Northern Telecom Inc.,* 24 F. Supp.2d 437 (E.D. Pa. 1998).

The question this court must decide is the operative date for the four-year breach of warranty limitations period. The plaintiff filed her claim for breach of warranties on June 7, 1999. Since the delivery date of the gloves is controlling for warranty claims, any delivery of gloves prior to June 7, 1995, are subject to the four-year statute of limitations. Furthermore, any claims based on the warranties of the gloves delivered prior to June 7, 1995, are also subject to the four-year statute of limitations.

The plaintiff also alleges that the defendant breached the express warranty provided by the defendant. This court must ascertain whether the warranty written on the box rises to the level of an express warranty. The defendant claims these warranties are controlled by federal law and the labeling and promotional materials cannot serve as the basis for a breach of an express warranty claim. See *Sowers v. Johnson & Johnson Medical Inc.,* 867 F. Supp. 306 (E.D. Pa. 1994). The *Sowers* court concludes that an express warranty must be directed at consumers in order to induce purchases of the product. *Id.* citing *Silverman v. Samuel Mallinger Co.,* 375 Pa. 422, 100 A.2d 715 (1953). Since the labels at issue are controlled by federal law, we can infer that they were not directed at consumers and that inducing purchases was not their purpose, and that they were therefore not a part of the "basis of the bargain" between the defendants and potential buyers. *Id.*

The plaintiff offers no proof that the defendants made any express warranties other than the ones printed on the box. After a review of the record, this court agrees with the defendants in that labels did not rise to the level of an express warranty and the defendants' motion for summary judgment on the plaintiff's warranty claims should be granted.

## ORDER

And now, June 25, 2003, after argument and based upon the briefs filed, the defendants' motion for summary judgment is hereby granted, and the plaintiff's case for negligence, strict products, fraudulent concealment, loss of consortium and punitive damages is barred by the two-year statute of limitations not falling under the province of the "discovery rule" tolling the statute of limitations. Furthermore, the defendants' motion for summary judgment with regard to the plaintiff's warranty claim is hereby granted as the claims were not filed within the prescribed four-year statute of limitations.